## READ *against* BUSH.

*Philadelphia, Monday,* March 29.

THIS action was brought to *July* Term 1811, upon a promisory note for 568 dollars 60 cents, drawn by the defendant on the 29th of *August* 1810. Bail was entered on the 16th of *August* 1811, a declaration filed on the 16th of *October* following, and on the 4th of *November* 1812, judgment was signed for want of an affidavit of defence, according to Rule 79 of this Court.

*The rule for affidavits of defence, does not apply to a case in which the defendant is an infant.*

*Levy* for the defendant now moved to open the judgment, on the ground that the defendant was an infant.

The Court heard evidence on behalf of the motion, to shew that the payer of the note, from whom the plaintiff derived by indorsement, knew that the defendant was a minor, and sold him wine, at more than the market price, for the note. There were four other suits against him to *March* Term 1811, in which affidavits were filed, and the appearance of Mr. *Levy* was entered to this suit in *June* 1812. The defendant came of age on the 23d of last month.

On the contrary, evidence was given, that the defendant

1813.

READ
v.
BUSH.

had traded with the knowledge and consent of his friends, and particularly his guardian, Dr. *Currie;* and that to some of his creditors he had stated himself to be of age, when he contracted debts with them. That he had finally committed acts of great impropriety, and failed.

*Levy* contended that the affidavit rule, which was founded on an agreement of the attorneys, did not extend to the case of an infant, who could not appear by attorney, but by guardian only; his own appearance in this instance being merely a memorandum for his personal convenience. And that the defendant was entitled to avail himself of his infancy to open the judgment, precisely as if it had been entered against him by warrant of attorney. *Bush* v. *Gower* (*a*), *Stern* v. *Bern* (*b*), *Wilmot* v. *Bye* (*c*), *Conroe* v. *Birdsall* (*d*), *Van Winkle* v. *Ketcham* (*e*), *Stokes* v. *Oliver* (*f*), *Sliver* v. *Shelback* (*g*), 2 *Saund.* 95., *b. notis.*

*Milnor* contra, contended that the Court had never opened a judgment against an infant, where he had been guilty of misconduct or laches. In this case, the plaintiff had lost a trial by delay; and the defendant's conduct in trading and passing himself off as of age, ought to be a bar to any indulgence by the Court. The rule does apply to the present case, because its terms are general, and there was an appearance by attorney.

*Levy* replied, that as to delay, it was the plaintiff's fault, as he might have brought on the trial. The guardian knew nothing of the judgment, until there was a *sci. fa.* against him as special bail.

TILGHMAN C. J. This case comes before us, on a motion on the part of the defendant, to open a judgment entered against him for want of an affidavit of defence. The defendant was an infant at the time of entering the judgment. Affidavits of defence had been filed in four other actions brought against him to the term next preceeding the commencement of this suit, so that it was well known that his

(*a*) *Cas. Temp. Hardw.* 220.    (*d*) 1 *Johns Ca.* 127.    (*g*) 1 *Dall.* 165.
(*b*)    *Id* 96.                (*e*) 3 *Caines* 323.
(*c*)    *Id.* 359.             (*f*) 5 *Mod.* 209.

guardian intended to dispute those contracts which were made during infancy. The rule of court under which the judgment was entered, was founded on an agreement signed by most of the counsel at the bar, to confess judgment at certain periods, unless their clients would swear that they had a just defence. Although the agreement is in terms so general as to comprehend *all actions*, yet it has been construed according to its intent. It does not extend to *torts*, or those actions in which the plaintiff, having no *certain demand*, it is evident, from the nature of the case, that there is cause of dispute. It does not extend to *executors* or *administrators*, because, not being privy to the transactions of the deceased, it would be unreasonable to put them to an oath. So neither do I think it extends to *infants*, who can appear only by guardian; because it ought not to be supposed, that any agreement of attorneys with respect to the confession of judgments in general, was intended to comprehend cases in which the defendant cannot appear by attorney. The insisting on an oath from the defendant or his guardian, is not consistent with that care and protection which have ever been extended to infants by courts of justice. I am therefore of opinion, that the judgment should be opened, because it was not regularly entered.

YEATES J. was unable to attend, in consequence of sickness, and gave no opinion.

BRACKENRIDGE J. concurred with the Chief Justice.

Motion granted.