*Lancaster.*   BOAS and another *against* NAGLE and another, assignees of the Sheriff.

*Saturday,*
*May 31.*                 IN ERROR.

Debt on a bail bond is not within the act of 21st *March,* 1806, authorizing judgment by default, in case the defendant does not make a statement or defence, agreeably to the provisions of that act.

THIS was a writ of error to the Common Pleas of *Dauphin* county, in a suit brought by *Nagle* and *Miller* as assignees of the Sheriff, against *Boas* and *Egle,* upon a bail bond, to *December* Term, 1815. The sheriff returned summoned ; and the plaintiffs filed their declaration at *December* Term, 1815, and took judgment by default, at the next Term.

It seems, that act is confined to cases where the cause of action is a bond conditioned for the payment of money, and not a bond with a collateral condition.

Bonds with a collateral condition, are not within a rule of Court, requiring an *affidavit* of defence in all actions of debt or contract, for the payment of a specific sum of money.

Such a rule of Court ought to receive a strict construction.

Courts of Common Pleas, who have no express power by law to make rules regulating practice, cannot establish a rule in contravention to an act of assembly.

The defendants did not appear, nor was any rule to plead taken.

1817.

Boas
and another
v.
Nagle
and another,
assignees of
the sheriff.

*Irvine* and *Fisher*, for the plaintiffs in error, contended that the judgment was irregular : it was not justified by the act of assembly, or the rules of court. A suit upon a bail bond is not an action in which a statement can be filed under the act of 31st *March*, 1806, not being for a *debt*. The only plea that can be pleaded in this suit, is *comperuit ad diem*. Nor was any statement actually filed ; but a declaration in the usual form. The plaintiffs, therefore, have not brought themselves within the act. The 59th rule of court applies to this case ; and the proper mode of proceeding was to take a rule to plead before entering judgment.

*Elder*, contra. A bail bond is within the meaning of the act. It extends to all debts founded on bond as this is. A declaration is tantamount to a statement; and has been so decided by this Court. The act of assembly directs the defendant to plead before the second term, at which term judgment was entered. Independently of this, the 1st rule of Court directs that, in actions of debt for specific sums of money, the defendant shall swear that there is a just defence to the whole demand, or if only to part, then to how much ; in default of which, judgment may be entered.

TILGHMAN C. J. This is an action on a bail bond. The plaintiff filed his declaration at the term to which the writ was returnable, and signed judgment at the next term, the defendants having never appeared, and no rule to plead having been laid. The plaintiff endeavours to support this judgment by the 5th section of the act " to regulate arbitrations and " proceedings in courts of justice," passed 21st *March*, 1806, and also by the first rule of the Court of Common Pleas of *Dauphin* county. The act of assembly enacts, that in all cases where suits are brought for the recovery of any debts founded on a verbal promise, book account, note, bond, penal or single bill, the plaintiff may file a statement of his demand, on or before the 3d day of the term to which the writ is returnable, particularly specifying the date of the promise, book account, note, &c. and the whole amount which he believes to be justly due to him ; and it shall be the duty of

1817.

Boas
and another
v.
Nagle
and another,
assignees of
the sheriff.

the defendant, at least twenty days before the succeeding term, to file a statement of his account, if any he has, against the plaintiff's demand, particularly specifying what he believes to be justly due from him to the plaintiff. Each party is to appear at the second term; in default of the plaintiff's appearance, a *non pros.* may be entered; and in case the defendant shall neglect to appear and make defence, &c. it shall be the duty of the Court *to give judgment by default against him, for the sum which shall appear to be due.* From the whole scope of this section, the provision appears to be confined to cases where the cause of action is a bond, conditioned for the payment of money, and not a bond with a collateral condition. The bond in question, was conditioned for the appearance in Court, of a third person, at a certain time, to answer a matter, in which the obligor had no concern; how could the defendant, in this suit, undertake to say, how much was due from him to the plaintiff? That would depend on the amount which the plaintiff would have been entitled to recover against the third person, in the action in which the bail bond was given. We cannot, without straining the act of assembly, extend it to cases of this kind; and it ought not to be strained, because the plaintiff may very easily proceed in this suit in the usual manner, by laying a rule to plead after the defendant has appeared. Besides, the act of assembly has not been complied with, even if it extended to this case. The Court did not give judgment for the sum which appeared to be due; on the contrary, the plaintiff entered his judgment for the whole penalty of the bail bond, which certainly was not the sum which appeared to be due. It is clear, therefore, that the judgment cannot be supported under the act of assembly. Let us now consider the rule of Court. It orders, that in all actions *of debt or contract, for the payment of a specific sum of money,* the plaintiff shall be entitled to judgment by default, on the 3d day of the term next succeeding that to which the process is returnable, unless the defendant, or some person for him, shall have made an affidavit, and filed it with the prothonotary, stating, " that to " the best of his knowledge and belief, there is a just defence " to the whole, or to a part of the demand in the said cause, " and if the defence be to a part only, the defendant shall " specify the sum which is not in dispute, and judgment shall " be entered, for so much as shall be thus acknowledged to

" be due to the plaintiff, and the trial shall proceed for the " residue of the plaintiff's demand." The remarks made on the act of assembly, will apply to this rule of Court. The nature of the oath required of the defendant, shews, that it should not be extended to bond, with a collateral condition. This rule ought to receive a strict construction, because it gives to the plaintiff extraordinary advantages. And, indeed, if it were intended to extend it beyond the provision of the act of assembly, it might be doubted whether the Court have not exceeded their power, for it is very certain, that the Courts of Common Pleas, who have no *express* authority by law, for making rules to regulate their practice, can, by no means, establish a rule in contravention to an act of assembly. I am of opinion, therefore, that this judgment should be reversed, as it is not warranted, either by the rules of Court, or the act of assembly.

1817.

Boas and another *v.* Nagle and another, assignees of the sheriff.

GIBSON J. This suit was brought on a bail bond. The plaintiffs having filed a declaration, but without having obtained a rule for the purpose, signed judgment by default; and they now contend this judgment is regular; 1st, by the provisions of the act of the 21st *March*, 1806, usually called the statement law; and, 2d, under the 1st and 59th rules of the Court in which the proceedings were had.

1. The obvious intent of the statement law is, to enable suitors, in plain cases, to prosecute their actions in *propria persona.* For this purpose, every thing like technical form is dispensed with. The statement, and counter-statement, substituted for the pleadings, are to set out the substance of the claim and defence in a plain intelligible manner. All money transactions, whether a bond or note be given or not, are readily susceptible of this form : but where a penalty is not conditioned for the payment of money, but the performing of a collateral act, a variety of matters, purely technical, may be brought into controversy, that cannot be introduced into a statement or counter-statement, with either certainty or convenience. Besides, it was not supposed a party would choose to conduct, in person, a suit, in which technical and subtle questions might be sprung on him at every step : it would be sufficient if he had a convenient opportunity of appearing for himself, in suits involving only common money

1817.

Boas
and another
*v.*
Nagle
and another,
assignees of
the sheriff.

concerns. To this end the act points out a simple mode, " for the recovery of any *debt*, founded on a verbal promise, " book account, note, bond, penal or single bill." It may be said, that in legal estimation, a penalty is strictly a debt. Technically speaking, it is; but in reality, it is not; for equity, which looks to the real nature of every transaction, judges of the nature of the obligation or duty, by the condition, and directs the nature of its relief accordingly. It will not be contended that an article of agreement, containing a penalty to secure the performance of a covenant, is within the true meaning of the act; and yet, in this point of view, I can perceive no substantial difference between it and a bail bond. Each is the subject of an action of debt, and each contains a penalty to secure the performance of a collateral act. The plaintiff, himself, has put this construction on the act, by actually filing a declaration instead of a statement; and even if the suit were within the meaning of the law, yet having made his election to pursue the common law form, I am not prepared to say he would not, at all events, be bound to conduct it as if the act had never been passed.

2. The defendant, however, contends, that if the judgment were not regularly signed under the statement act, still it is regular, for want of an affidavit of defence, under the 1st and 59th rule of the Court. The foregoing remarks apply with force to this part of the case. The first rule relates to cases, where the cause of action is the non payment of a sum of money; but here the suit is brought for non-performance of a collateral act. The damages where the action is for a penalty, being in their nature uncertain, it would be impossible for a defendant who had not a full defence, to make any affidavit at all. He could not say on oath, " the plaintiff " has received damage to such or such an amount, and for " all beyond that, I take defence." The rule would be peculiarly hard on the sureties in a bail bond, who may set up any defence that could be urged by the principal, but who, from their ignorance of the transactions between the original parties, cannot be supposed at all times ready to make the necessary affidavit where a defence really exists; and, besides, the original action may have been for a *tort*, where neither the demand nor the defence might be susceptible of liquidation. The 59th rule is totally inapplicable; it re-

quires a rule to be laid to the Term succeeding that to which   1817.
the writ is returnable, which was not done here, the judg-   BOAS
ment having been entered at the first Term. I am, therefore,   and another
of opinion, it was irregular, and that it ought to be reversed.   NAGLE
                                                                and another
                                                                assignees of
DUNCAN J. gave no opinion; having been counsel for   the sheriff.
the plaintiff in error.

Judgment reversed.