Tilghman C. J.
delivered the opinion of the Court.
.Christian Zearing, the plaintiff below, obtained a judgment against the plaintiff in error, John Umberger, executor of Leonard Umberger, deceased. The judgment having remained without execution for more than a year and a day, the plaintiff issued a scire facias, to which the defendant appeared, and the plaintiff afterwards entered judgment against him by default, because no. affidavit, that there was a just defence, according to the best of the defendant’s knowlédge and belief, yvas entered, agreeably to the rules of the Court of Common Pleas. . The .error assigned is, in entering the judgment by default under the rule, which, as the defendant’s counsel contends, is not applicable to this case for several reasons: 1. The defendant relies on the case of Read v. Bush, 5 Binn. 455, in which it was decided, that this rule does not extend to executors. It is true, that where an ac *165 tion is brought against an executor for a debt due from the testator, the rule does not apply, because it is not supposed that the executor has sufficient knowledge of his testator’s affairs, to make an oath on the subject. But here the original judgment was against the executor himself; on which judgment, the scire facias issued,, whereon the affidavit of defence was required. Now surely it must be within the executor’s own knowledge,«whether he had a just cause of defence to an action thus circumstanced.. Payment is almost the only defence that can be set up in such a case ; and he must know whether he had paid any thing, and how much. Another reason offered by the plaintiff for the rule’s not extending to this case is, that judgment by default is not to be entered, unless the plaintiff has filed a declaration or statement of his cause of action.; which is never done on a scire facias, and was not done in the present instance. There is more of subtlety than of substance in this objection. A scire facias, though not in all respects an action, but rather a demand of execution, does in truth partake, in a great measure, of the nature of an action. There would be no impropriety in filing a declaration on a scire facias, though it is seldom done, because there is no occasion for it, as every thing necessary to be set forth in a declaration, is contained in the body of the scire facias, to which the defendant may plead. This rule, authorising the entry of a judgment by default, unless an affidavit of defence is put in, is a very sa-lutary one, and has had a great effect in preventing vexatious delay. Great regard is due to the opinion of the Court of Common Pleas in construing its own rules. It is the opinion of that Court, that a scire facias post annum, &fc. is within the rule ; nor can I conceive why it should not be. A judgment is a debt of the highest nature. If an action of debt had been brought on the judgment, it is not denied that the case would have fallen within the rule. Inasmuch then as a scire facias is only another mode of proceeding to recover the same debt, it should be subject to the same law. I am of opinion that an affidavit of defence was necessary, under the rules of the Court of Common Pleas, and therefore the judgment by default was regularly entered, and should be affirmed, \
Judgment affirmed.