[PHILADELPHIA, JANUARY 28th, 1837.]

## SLEEPER *against* DOUGHERTY.

## POTTS *against* SMITH.

## POTTS *against* CRABB.

IN ERROR.

2 Wh 177
210      ²140
2 Wh 177
28 SC ¹239

1. An affidavit of defence, made by a third person interested in the event of the suit, is sufficient to prevent a judgment by default, under the act of the 28th of March 1835, relating to the District Court.

2. And *it seems* that where the party on the record or in interest is unable to make such affidavit by reason of sickness or absence, his clerk or any person who has knowledge of the transactions, may make the affidavit.

3. In an action against the endorser of a note, it is not necessary for the plaintiff to aver demand and notice, as in a declaration, to entitle him to judgment, for want of such affidavit of defence.

WRITS of error were issued in the above cases to the District Court for the City and County of Philadelphia, under the following circumstances.

By an act of assembly passed on the 28th of March 1835, entitled "An act to re-establish the District Court for the City and County of Philadelphia," it was declared that "in all actions instituted in the said Court, on bills, notes, bonds or other instruments of writing for the payment of money and for the recovery of book debts; and in all actions of *scire facias* on judgments, and on liens of mechanics and material men, under the act of the 17th of March 1806 and the various supplements thereto, it shall be lawful for the plaintiff, on or at any time after the third Saturday succeeding the several return days hereinbefore designated, on motion, to enter a judgment by

(Sleeper *v.* Dougherty.—Potts *v.* Smith.—Potts *v.* Crabb.)

default notwithstanding an appearance by attorney, unless the defendant shall previously have filed an affidavit of defence, stating therein the nature and character of the same: *Provided,* that in all such cases no judgment shall be entered by virtue of this section, unless the said plaintiff shall within two weeks after the return of the original process, file in the office of the prothonotary of the said court, a copy of the instrument of writing, book-entries, record or claim, on which the action has been brought." (§ 2.)

By the 3d section of an act passed on the 11th of March 1836, supplementary to the act of 1835, it was declared that each of the judges of the said court should have power to render judgments by default under the preceding section; and by the 14th section of the same act, it was enacted that the provisions of the said section should be extended to " all actions brought on contracts for the loan or advance of money, whether the same be reduced to writing or not: *Provided,* that in all such cases no judgment shall be entered by virtue of this section, unless the plaintiff shall within two weeks after the return of the original process, file in the office of the prothonotary of the said court, an affidavit setting forth the terms of the said loan or advance, with the date thereof."

In the first of the above-named cases, it appeared on the return of the record, that Edmund Dougherty brought an action on the case against John R. Sleeper to June term 1836 of the District Court, upon a promissory note drawn by the defendant in favour of Elijah Sparks or order, dated the 3d day of February 1836, at 90 days for $178 75.

On the 14th of May 1836 the plaintiff filed a copy of the promissory note, upon which the suit was brought. Upon the note was endorsed, under the date of February 8th 1836, an assignment by Sparks, of all his right and title in the note to Dougherty, the plaintiff.

On the 8th of June 1836, the defendant filed two affidavits of defence. The first was made by one Norton, who swore that Sparks, the payee of the note, was indebted to him in a sum of 127 dollars and 71 cents, for certain hogs sold and delivered to him. That Sparks had absconded and left the country; and that he, the defendant, had issued a foreign attachment against him, to March term 1836 of the District Court; and attached the amount of the debt due to Sparks by Sleeper, and summoned Sleeper as garnishee. That previous to issuing the attachment, he had called on Dougherty, the plaintiff, who told him that he did not know of any notes given by any one in Sparks's favour, or of any debt due to Sparks. That Dougherty is father-in-law of Sparks; and that he, the deponent, expected to prove, on the trial of the cause, that no consideration ever passed between them for the note; and that Dougherty did not

become the holder of the note until after the issuing of the attachment, if he did before the note came to maturity. The deponent also swore to his belief, that there was a good defence to the claim of Dougherty on the note to the amount of his claim, under the foreign attachment; which, including the debt, interest and costs, would cover, or nearly so, the amount of the note.

The other affidavit was made by the defendant. It set forth that since he gave the note, he had been served with a writ of foreign attachment at the suit of John D. Norton against Elijah Sparks. That he is informed that Sparks has absconded; and that he was advised by counsel that he would not be safe in paying the amount of the note to Dougherty. That he does not know when Dougherty became the holder, but was informed that he stated at the time of issuing the attachment, that he was not the holder of it.

On the 25th of June 1836, the District Court, on motion of the plaintiff's attorney, granted a rule to show cause why judgment should not be entered, notwithstanding the affidavit of defence.

On the 2d of July, the rule was made absolute: judgment was entered for the plaintiff; and on the 5th of July, the damages were assessed by the prothonotary at $181 50.

In this Court the error assigned, was the entering of judgment notwithstanding the affidavit of defence.

Mr. *Holcomb*, for the plaintiff in error, argued that the affidavits in this case were amply sufficient to prevent a judgment, under the act of 1835. The pendency of a foreign attachment has always been held to be a sufficient defence to a suit by the defendant in the attachment against his debtor. *Walker* v. *Gibbs*, (2 *Dall.* 211.) *M'Carty* v. *Emlen*, (*Id.* 277.) *Sergeant on Attachments*, 65–70. *Enos* v. *Tuttle*, (3 *Conn. Rep.* 77.) *Stewart* v. *West*, (1 *Har. & Johns.* 536.) *Ludlow* v. *Bingham*, (4 *Dall.* 47.) Here the plaintiff might be called upon to prove the consideration which he gave for the note. *Caspar* v. *Holmes*, (5 *Binn.* 469.) The affidavits here would have been sufficient under the law of interpleader. By the act of the 11th of March 1836, § 4, the District Court has jurisdiction in cases of interpleader. The Court ought to have received the affidavit of Norton. The defendant cannot swear positively to the fact of Norton having good cause of action in his attachment. He can only aver the existence of the attachment. An affidavit of defence ought not to be scanned as critically as a special plea.

Mr. *C. Ingersoll*, *contra*, endeavoured to show from an examination of the affidavit of the defendant, that it did not contain a sufficient denial of the plaintiff's claim; and he argued that the affidavit of a third person was not admissible in a case like this, where the defendant was on the spot.

(Sleeper *v.* Dougherty.—Potts *v.* Smith.—Potts *v.* Crabb.)

In the second of the above cases, it appeared by the record that an action on the case was brought in the District Court by William Poultney Smith against John G. Potts to June term 1836, upon two promissory notes, both drawn by the defendant in favour of one Joseph West; one dated the 8th of February 1836, for $65 at 60 days, and the other dated the 1st of March 1836, for $100 at 30 days, and both endorsed by Joseph West.

Copies of these notes were filed on the 17th of June, 1836.

On the 24th of June, an affidavit of defence was filed in the words following, viz:

"Joseph West, on his solemn affirmation, declares and says, that the defendant has a just and true defence to part of the plaintiff's demand in the above cause; that this deponent has paid to the plaintiff the sum of fifteen dollars for and on account of the note on which this suit is brought; and which sum it was agreed should be credited thereon."

On the 2d of July, the District Court granted a rule to show cause why judgment should not be entered notwithstanding the affidavit of defence; and why, subject thereto, judgment should not be entered for the amount in the affidavit of defence.

On the 23d of July, the first rule was made absolute, and the second rule discharged; and on the same day judgment was entered generally for the plaintiff, and the damages assessed at $169 33.

In this case the following errors were assigned.

1. "The court erred in directing judgment to be entered for the full amount of the notes on which suit was brought, there being an affidavit filed, by which it appeared that payment had been made on account thereof.

2. The court erred in deciding that the affidavit required by law must be made by the defendant himself, and that an affidavit made by any other person is not a sufficient compliance with the law.

3. The court erred in directing judgment for the plaintiff, it not appearing by the copies of the notes filed that the plaintiff had any interest therein."

In the case of *Smith v. Crabb,* the action was brought against the defendant as endorser of a note; but the proceedings were similar to those in *Smith v. Potts.*

The following errors were assigned.

1. "The court erred in directing judgment to be entered for the full amount of the note on which suit was brought, there being an affidavit filed by which it appeared that payment had been made on account thereof.

2. The court erred in directing judgment to be entered in favour

(Sleeper *v.* Dougherty.—Potts *v.* Smith.—Potts *v.* Crabb.)

of the plaintiff, when it appeared by the affidavit filed that the note was the property of William P. Smith, at the time it became due and payable.

3. Because it does not appear by the copy of the note filed, that demand had been made on the endorsers according to law; and because it does not appear by the copy of the note filed that the plaintiff has any interest in the said note.

4. Because the court erred in deciding that the affidavit required by law must be made by the defendant himself, and that an affidavit made by any other person is not a sufficient compliance with the law.

5. Because the court erred in refusing to notice the supplemental affidavits filed in the office."

Mr. *Hopkins* for the plaintiff in error, argued that the affidavit of West ought to have been admitted by the court below. Under the old affidavit rule, the oath of a third person acquainted with the fact, was always admitted; and the intention of the legislature must be supposed to have been to adopt the same course. In the case of *Potts* v. *Crabb*, it ought to have been· shown affirmatively by the plaintiff that demand had been made and notice given to the defendant, who was the endorser of the note. [GIBSON, C. J.—The act does not seem to require any averment on the part of the plaintiff. If the defendant had not actual notice, he ought to have said so in his affidavit.] The court below ought to have admitted the supplementary affidavit.

Mr. *Gerhard* for the defendant in error.—The practice of the District Court is to receive the affidavits of third persons, if sufficient ground is laid for it. Here it seemed unnecessary, as the defendant below might have sworn to his belief of the fact of payment of a certain sum. This system was intended as an appeal to the conscience of the defendant, which cannot be reached if the affidavits of third persons are admitted. It is a general rule, that where an affidavit is required by law, it must be made by the party, unless the law or rule makes the exception. *Morris* v. *Hunt*, (1 *Chitty's Rep.* 97.) *King* v. *Sheriff of Middlesex*, (*Id.* 732.) *Neesom* v. *Whitock*, (3 *Taunt.* 403.) *Flanagan* v. *Murphy*, (2 *Wendell*, 291.) *James* v. *Young*, (1 *Dall.* 248.) *Bryan* v. *M'Culloh*, (1 *Penn. Rep.* 421.) As to the supplemental affidavit, no application was made to the court below for leave to file one; and this court will not notice any suggestion of error under such circumstances. If the court should be of opinion however, that there was a good affidavit as to part, we will enter a *remittitur* for the amount sworn to.

The opinion of the court, in the three cases, was delivered by

ROGERS, J.—It is enacted by the act of the 28th of March, 1835,

that it shall be lawful for the plaintiff, at a time therein designated, on motion, to order a judgment by default; unless the defendant shall have previously filed an affidavit, stating therein, the nature and character of his defence. This act devises a speedy remedy for recovery of debts, in which there is no defence; and it is intended as a substitute for the act of the 20th of March, 1810, entitled an act regulating arbitrations; of which so much as provides for the compulsory reference of civil suits, or actions, so far as relates to the District Court for the City and County of Philadelphia, is repealed. In the construction of this act, several questions have arisen, which have been the subject of investigation at this term; but the single question in each of the above cases, is, whether any person, other than the defendant himself, can lawfully make the affidavit required. The defendants have complied with the letter of the act; having previously to the time designated, filed an affidavit, in which they have stated the nature and character of their defence, in such plain, specific, and positive terms, as would doubtless have been deemed a sufficient compliance with the act, if made by the defendant himself. As defendants are usually cognizable of the facts on which the defence is founded, the affidavit, as a matter of choice and discretion, is for the most part, made, as well as filed, by the party to the suit; but as this may not always be the case, and circumstances may render a contrary course convenient, or even necessary, the legislature would seem, in the language they have used, to have carefully avoided to make this an absolute prerequisite to the entering of the judgment, to which the plaintiff is otherwise entitled. In *Bryan* v. *M'Culloh*, (1 *Penn. Rep.* 421,) (in opposition to a uniform practice which marked the sentiments of the bar, at least as to its convenience,) it was decided, that the oath on which the writ of error is grounded, must be made by the party; but this decision was made in the words of the act, which peremptorily required the affidavit to be made by the party appealing or purchasing the writ of error. If the act had been open to construction as here, the point most probably, would have been ruled otherwise. With a full knowledge of the construction put upon that act, and its practical inconvenience, (for their attention was drawn to it, in a subsequent remedial law,) the legislature have studiously avoided a peremptory direction; and in general terms, have enacted that the judgment may be rendered by default, notwithstanding the appearance of an attorney, unless the defendant shall have *filed* the affidavit of defence therein prescribed. The terms of the act, are most guarded. It directs that the defendant shall *file*, not that he shall make, as well as file, the affidavit; a requisition with which the defendants have fully complied. As it was the duty, so doubtless it was the intention of the legislature, to save the trial by jury, in all cases where the defendant had a valid defence, either in whole or in part, to the plaintiff's demand; and I know of no mode, in

which such defence could more certainly or satisfactorily appear, than by the oath of a disinterested person; nor can I conceive one, of which the plaintiff can have less reason to complain. It was said, that it was the intention of the framers of the act, to probe the conscience of the defendant; and if this be so, this object may be effected, as well when the affidavit, although made by another, is filed by the procurement, and at the suggestion of the defendant, as when it is made and filed by him. If we impute the corrupt intention to the defendant, of delaying the plaintiff's judgment, by means of a false affidavit, he would have perhaps as little, if not less difficulty in swearing falsely himself, as in suborning another for that purpose; for the guilt in *foro conscientiæ,* would be the same; and the attempt to procure delay by such means, would be attended with greater risk of detection. It has been held in *Pieters* v. *Luytjies,* (1 *Bos. & Pul.* 3,) that an affidavit to hold to bail, made by a third person, need not state a connection between the deponent and the plaintiff. In answer to this objection, the Court say that it is sufficient that the deponent swears positively to the debt. In one of the cases, the deponent swears to a defence to the whole demand, and in the others, to a defence in part; and in each of the cases, if it was required, there would be no difficulty in showing a connection between the deponent, and the respective defendants. As in most cases, which are the subject of investigation in courts of justice, an affidavit made by a disinterested person, is more free from objection than one made by the party in interest, it would require something more positive than any thing contained in this act, to induce me to believe, that the legislature intended to prevent it, by the substituting in all cases, of inferior evidence of the truth of the facts disclosed. Whether the oath of a person totally unconnected with the suit, and particularly when the court had reason to believe the deponent had impertinently interfered with the regular course of justice, would avail, it is unnecessary to decide, as such a case is not likely to arise. But when the affidavit discloses a defence made in good faith, although not by the party on record, or in interest, it is sufficient: as for example, where the party is sick or absent, and his clerk, or any person who has knowledge of the transaction, swears to facts, which according to the judgment of the court, furnish a good and valid defence.

In *Sleeper* v. *Dougherty,* two affidavits were filed, one by the defendant, and another by Norton, who was the plaintiff in attachment, and in truth, the party in interest. Sleeper the defendant, was but a stakeholder; he was only interested to pay the debt which he justly owed, to the person entitled to receive it. The defence went to the whole of the plaintiff's claim. In this case, we are of the opinion, that the judgment of the District Court be reversed, and that the record be remitted for further proceedings.

In *Potts* v. *Smith,* and *Potts* v. *Crabb,* the Court granted a rule to

(Sleeper *v*. Dougherty.—Potts *v*. Smith.—Potts *v*. Crabb.)

show cause, why judgment should not be entered, notwithstanding the affidavit of defence; and why judgment subject thereto, should not be entered for the amount, in the affidavits of defence. The Court made the first rule absolute, and discharged the second. In this we are of opinion that there was error; but as the plaintiff is willing to take judgment for the amount admitted to be due, we order that the judgment of the District Court be reversed, and that in each of the cases, judgment be entered for the plaintiffs on the second rule, the amount to be ascertained by the prothonotary.

Judgment reversed.