# Burkhart *against* Parker.

A rule of court which requires the defendant, on notice, to file an affidavit of defence, is sufficiently complied with by an affidavit made by a third person in the absence of the defendant that he has a just defence to the plaintiff's cause of action, without setting out the particulars of it, or the deponent's knowledge on the subject.

ERROR to the Common Pleas of *Beaver* county.

This was an action on the case in *assumpsit* by Caleb Parker & Co. against Christian Burkhart and Wm. W. Ridley, trading in the name of Burkhart, Ridley & Co. The process was served upon Burkhart only. A rule was taken upon the defendant to file an affidavit of defence in pursuance of the following rule of court:

" In actions of debt and of *assumpsit*, founded on book accounts, promissory notes, bills of exchange, or memorandums, the plaintiff having filed a declaration or statement on or before the return day of the writ or during the term to which the said writ is returnable, may, on application to the court, obtain a rule on the defendant or defendants to file an affidavit of defence, and on service of the rule on the defendant or defendants when he or they reside in the county, if an affidavit of defence is not filed within twenty-one days from the service of the rule, judgment may be signed in vacation, or rendered in term time on motion in default in not making and filing an affidavit of defence. Where the defendant or defendants do not reside in the county, notice of the rule may be served on the attorney of the defendant or defendants, or notice thereof given to him in open court; and if the affidavit of defence is not made and filed within six weeks from the date of the service of the rule, or notice in open court, judgment to be signed or obtained on motion, as where the rule is served on the defendant."

A copy of the rule having been served, L. Burkhart, son of the defendant, in the absence of his father, who had gone to Europe, leaving him a general power of attorney to attend to his business, made and filed an affidavit that the defendant had a sufficient

[Burkhart v. Parker.]

defence to the plaintiff's cause of action. On motion of plaintiff, a judgment was entered for want of a sufficient affidavit of defence; the court below being of opinion that the affidavit made by a third person without any statement of his means of knowing anything about it, was not sufficient. To reverse this judgment, a writ of error was sued out.

*Shannon,* for the plaintiff in error, cited 8 *Serg. & Rawle* 165; 1 *Miles* 121; 6 *Whart.* 277; 1 *Dall.* 248.

*Agnew,* for the defendant in error, cited 2 *Whart.* 183.

The opinion of the Court was delivered by

Huston, J.—There is no doubt of the propriety and even necessity of some established rules regulating the practice in courts of justice. There is, however, much doubt as to whether many of the rules in our Courts of Common Pleas do not more frequently obstruct and destroy the administration of justice than promote it. To make a rule obligatory in all cases, it ought in its language plainly to apply to all cases; and a rule which does not in terms meet the case before the court, ought not to govern such case. Even if the rule does in terms embrace the case, under certain circumstances it may be impossible to comply with it, and such case ought not to be held to be within it. A man may be absent on necessary business when the rule is served at his house, and not return until the time prescribed has expired; or he may be sick and continue so, or die just before or a day or two after the time has expired; and in other cases it may be essential to the due administration of justice, that a case should be excepted out of the operation of the rule.

The above rule makes no provision for a case in which from any cause it is impossible for the defendant to make the affidavit. It does not prescribe the form of the affidavit, nor state by whom it must be made; nor does it require that if made by a third person, he should state how his knowledge was acquired. Christian Burkhart, when preparing to go to Europe, was arrested and imprisoned. As soon as he was discharged, the rule stated in our paper-book was taken and served, but whether personally or by copy at his residence, does not appear. In May he had given a general and full power of attorney to his son to act for him in all cases during his absence, and that son swore that his father had a just and full defence to the whole of the plaintiff's demand in the case to the best of his knowledge and belief. The Judge admits this was sufficient, if sworn to by Christian Burkhart. But the son stated no reasons for his belief. The rule of court does not require this. No man is bound to swear to what the law is: if it is said the son might be mistaken as to his belief, so might the father, if he had made the oath.

VI.— 61　　　　2 Q

[Burkhart v. Parker.]

These rules of court, and even Acts of Assembly on the same subject, have been considered, and it has been held they will not be extended beyond the letter, nor to cases within the letter but *not* within the spirit and reason of the law. In 5 *Binn.* 455, executors or administrators were decided to be not bound to file affidavits of defence; because it is not supposed they could know whether there was a defence; yet the rule of court made no exception. The Act of 21st March 1806, directs a mode of proceeding in suits founded on verbal promise, note, book-account, *bond*, &c. &c. Held it did not apply to a bond, with any other condition than the payment of money; and a judgment on a bail bond was set aside. In the same case there was a rule of court requiring an affidavit of defence to a bond, and held not to apply to a bail bond, because a defence might depend on acts of the plaintiff or defendant, or sheriff, as well as the obligor in the bond, and of these he might not be informed. This rule of construction applies more strongly to a rule of court than to an Act of Assembly. See 3 *Serg. & Rawle* 253, opinions of TILGHMAN and GIBSON. In 2 *Whart.* 183, the subject was again under consideration. Judge ROGERS delivered the opinion, and he goes pretty fully into the subject. He states that the words " unless the defendant shall file an affidavit of defence," &c., were evidently used instead of " make an affidavit," in order that in some cases, as of sickness or absence, or where the facts were within the knowledge of a third person, it might be made by some other than the defendant: and that according to the fair construction of the Act establishing the District Court, the affidavit made by a third person is good, if one stating the same things by a defendant would have been good. In 6 *Whart.* 277, the same principles are recognised; and it is said, to require an affidavit to go into every minute matter and negative all possible suppositions, would defeat the ends for which they are directed, and make them rather a matter of critical nicety than of substantial utility.

Judgment reversed, and the cause remanded to the Common Pleas of Beaver county, to be proceeded in to trial and judgment.