36    509,
21 SC  602

36    509
f 210  ²140

36   509
28 SC ²239

## Hunter *versus* Reilly.

In an action on a due-bill, signed by an agent of the defendant, if the affidavit of defence expressly deny the authority of the agent, the defendant is entitled to a jury trial, although a partial payment may be endorsed on the instrument; the question of the ratification of the agent's authority by such partial payment being a matter *dehors* the instrument sued on, and capable of explanation by parol testimony, the plaintiff is not entitled to judgment by default.

Under the Act of 21st April 1852, a stranger to the record, who is interested in the defence of the suit, is competent to make an affidavit of defence, so as to prevent judgment by default.

ERROR to the Common Pleas of *Berks county*.

This was an action of *assumpsit* by James Reilly against Jacob V. R. Hunter, in which the plaintiff filed a copy of a due-bill, as his cause of action, as follows:—

"Sally Ann Furnace, June 11, 1858.
"Balance due James Reilly, at settlement, $345.33.
"JACOB V. R. HUNTER,
"*per* LEVI H. SPRINGER."
Endorsed—"Paid $190.00.   July 6th 1858."

David Weiser filed the following affidavit of defence to the plaintiff's claim, under the Act of 21st April 1852, *Pamph. Laws* 386:—

"David Weiser, upon his solemn affirmation, doth affirm and say, that he is a party in interest in this case, and that Jacob V. R. Hunter, the defendant, has a just and legal defence against the plaintiff's claim and cause of action in this case, the nature and character of which is as follows:—That the due-bill, note, or settlement on which suit is brought, was given for a balance due for four hundred and thirty-six tons and eight hundred weight (436,08 cwt.) of iron ore, delivered at defendant's furnace, amounting on the whole to seven hundred and seventy dollars and forty-three and one-half cents ($770.43½), and for no other consideration whatever; that the said iron ore was taken from the lands of him the said David Weiser, situate in Longswamp township, Berks county, since the twenty-third day of February 1858, under an agreement made between, and signed, sealed, and delivered by him and said James Reilly, a copy of which is hereto annexed, and is made part of this affirmation; that said James Reilly has no interest in the land from which said iron ore was taken, nor in the iron ore, other than what is mentioned in said agreement; *that Levi L.*

[Hunter *v.* Reilly.]

*Springer, who signed the settlement, due-bill, or note for Jacob V. R. Hunter, had no authority to bind this affiant or Jacob V. R. Hunter to pay to said James Reilly three hundred and forty-five dollars and thirty-three cents* ($345.33), *or the balance claimed, to wit, one hundred and fifty-five dollars and thirty-three cents* ($155.33), but that the same was merely made out in order to show what balance remained unpaid of the whole amount of iron ore delivered at said furnace from the lands of said David Weiser, under the agreement aforesaid; that under the contract and agreement aforesaid between said Reilly and Weiser, of which a copy was also furnished to Jacob V. R. Hunter, and of which he had full notice, the said James Reilly agreed that said David Weiser should receive thirty-seven and a half cents (37½ cts.) for each and every ton of iron ore delivered to said Jacob V. R. Hunter, and that he the said James Reilly would not receive the same, but that he the said David Weiser was entitled to receive from Jacob V. R. Hunter the sum of one hundred and sixty-three dollars and fifty cents ($163.50), and James Reilly the sum of six hundred and six dollars and ninety-three cents ($606.93); that in fact the said James Reilly has already received from Jacob V. R. Hunter six hundred and fourteen dollars and seventy-four cents ($614.74), so that said Reilly is overpaid seven dollars and eighty-one cents ($7.81); *that the said defendant never did agree to pay the money claimed in this suit to said James Reilly, but that he has already paid him all that he is entitled to receive, and the full amount that he owes him,* and seven dollars and eighty-one cents ($7.81) more than he owes him: affiant further saith, that said James Reilly, contrary to the agreement between him and affiant, and the contract and understanding with the defendant, is endeavoring to cheat and defraud this affiant out of the one hundred and sixty-three dollars and fifty cents ($163.50), that he is entitled to receive as aforesaid, and that if the plaintiff does recover in this suit, he, this affiant, will be cheated out of his money."

The court below, on motion of the plaintiff's counsel, gave judgment against the defendant, for want of a sufficient affidavit of defence, for $162.68; whereupon, the defendant sued out this writ, and here assigned the same for error.

*H. W. Smith* and *F. L. Smith,* for the plaintiff in error, cited Boas *v.* Nagle, 3 *S. & R.* 250; Woodwell *v.* Bluff Mining Co., 1 *Casey* 365; Christy *v.* Bohlen, 5 *Barr* 38; Hugg *v.* Scott, 6 *Wh.* 276; Hutchinson *v.* Boggs, 4 *Casey.* 294; Gallinger *v.* Hoon, 1 *Grant* 59; Montour Iron Co. *v.* Coleman, 7 *Casey* 82; Imhoff *v.* Brown, 6 *Id.* 504; Leibersperger *v.* Reading Savings Bank, *Id.* 531–2.

*Robeson,* for the defendant in error.

[Hunter v. Reilly.]

The opinion of the court was delivered by

THOMPSON, J.—The main point of this case is involved in the question, whether a party interested to defeat a recovery by the plaintiff below, although not a party on record, is competent to make an affidavit of defence, otherwise sufficient to prevent the plaintiff from taking judgment, under the Act of Assembly of the 21st of April 1852. This act is special, and applies only to Tioga and Berks counties. The record does not disclose the grounds upon which the judgment below was entered for the plaintiff, whether for incompetency in the party making the affidavit, or for insufficiency in the affidavit itself. But we think the first ground must have been assumed by the court, for certainly there was a positive averment of want of authority in the agent who gave the due-bill in question, and this of itself was sufficient to prevent judgment on the instrument, whether specially declared on as such, or as on an account stated. The affidavit denied the validity of the instrument (the copy of which was filed), for want of authority in the agent. This was enough: 7 Casey 80. The affidavit could not be set aside for anything dehors itself, such as that the defendant had recognised the agent's authority by paying a portion of the note. This would be powerful evidence for the plaintiff on the trial, but as it might there be so explained, as not to bind as to the residue, this must be presumed to be included in the denial of the binding validity of the instrument, and to predicate anything of this circumstance would be, not to measure the affidavit by itself, but by a circumstance or fact supposed to contradict or conflict with it. This cannot be done simply by the court. At such a point the right of a trial arises. This affidavit has performed its office, although it may be false in fact, and believed to be so. The issue must thenceforth be made and tried in the usual and ordinary way. There was also a full denial of any indebtedness by, and on part of, the defendant to the plaintiff. It certainly, therefore, disclosed a sufficient defence to the plaintiff's demand, and its truth or falsity could only be determined by a court and jury.

The question recurs as to the competency of Weiser to make the affidavit. That he was interested in the defence cannot be doubted. To determine that none other than the defendant can make an affidavit of defence, might be fraught with many evils to parties in interest, without referring to cases of obvious necessity, where the defendant could not do it by reason of absence and the employment of agents, or for other causes of disability. It is true, there might, perhaps, be a better and different remedy in the law for the intervener here, but a court could not determine this, on a motion for judgment, and would not. The case stands then, after all, on the simple question, whether the affidavit made was by a competent party? And we are of opinion that it was, under the circumstances disclosed in the affidavit. The cases of Sleeper v.

[Hunter *v.* Reilly.]

Dougherty, 2 *Whart.* 177, Potts *v.* Smith, *Id.*, and Potts *v.* Crabb, *Id.*, were all ruled on the principle here stated, and upon a very similar statute to that under which this judgment was had. For these reasons we think the court below erred in entering judgment for the plaintiff below for want of a sufficient affidavit of defence.

We discover nothing else in the case which calls for correction or discussion. The record, as presented on the paper-book, does not show that the court was not in session when the judgment was entered, and in the absence of competent evidence of the fact, we will presume it was so. The case, for the reasons given, must be reversed.

Judgment reversed, and *procedendo* awarded.