## Safety Banking & Trust Company, Appellant, v. Conwell.

*Affidavit of defense—Practice, C. P.—Affidavit of attorney—Sufficiency of averments.*

Where an affidavit of defense discloses a defense made in good faith, although not by a party on record or in interest, it is sufficient, as for example where the party is sick or absent and his clerk, or any other person who has knowledge of the transaction, swears to the facts, which according to the court, furnishes a good defense.

An affidavit of defense filed by an attorney is insufficient which does not aver that it is filed by the authority of or on behalf of the defendant, which does not give the source of information, and which fails to aver that the deponent believes the facts averred to be true, or that they are founded upon his personal knowledge, or upon information derived from a proper source to enable the court to pass upon the sufficiency of the proof.

Argued Dec. 16, 1904.   Appeal, No. 229, Oct. T., 1904, by plaintiff, from order of C. P. No. 5, Phila. Co., Sept. T., 1904, No. 949, discharging rule for judgment for want of a sufficient affidavit of defense in case of Safety Banking & Trust Co. v. L. A. Conwell.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Assumpsit on a promissory note.
The opinion of the Superior Court states the case.

238    SAFETY BANK. & TR. CO., Appellant, *v.* CONWELL.

Assignment of Errors—Opinion of the Court.   [28 Pa. Superior Ct.

*Error assigned* was order discharging rule for judgment.

*Albert Morgan,* for appellant.—Where an affidavit by an attorney is allowable, it must consist of positive averments made on his own personal knowledge, or on such information as would have justified the party himself in making the affidavit, not merely on information by the client : Crine v. Wallace, 1 W. N. C. 293 ; Bumgardner v. Morris, 42 Pitts. L. J. 355 ; Peck v. Jones, 70 Pa. 83 ; Newbold v. Pennock, 154 Pa. 591 ; Kite v. Young, 8 Montg. 14 ; Woods v. Vankirk, 5 Pa. Dist. Rep. 135 ; Landis v. Metzger, 2 W. N. C. 80 ; Woolverton v. Smith, 4 W. N. C. 442 ; Tilli v. Vandegrift, 18 Pa. Superior Ct. 485.

*August Trask Ashton,* for appellee.—All that is required in an affidavit of defense is that it shall set forth with reasonable precision such matters of fact as will constitute a substantial answer to the plaintiff's statement of claim.   It is not necessary to disclose how or by whom the facts relied on as a defense are to be proved : Warren Nat. Bank v. Seneca Oil Works, 175 Pa. 580 ; Clothier v. Webster Foundry Sand Co., 21 Pa. Superior Ct. 386 ; Louchheim v. Maguire, 186 Pa. 311 ; Callaghan v. Callaghan, 185 Pa. 273 ; Chestnut St. Nat. Bank v. Ellis, 161 Pa. 241.

OPINION BY ORLADY, J., July 13, 1905 :

The affidavit of defense is by Mr. Ashton, attorney for the defendant, who deposes, " that the defendant is a resident of Philadelphia, at the present absent from the state and has been since the filing of the plaintiff's statement of claim ; that it is impossible to get in communication with said defendant for the purpose of procuring from him his affidavit before the time for filing an affidavit of defense expires, as the attorney and representative of the defendant deponent has been advised that said defendant has a just, true and complete legal defense, etc."

When such an affidavit discloses a defense made in good faith, although not by a party on record, or in interest, it is sufficient, as for example where the party is sick or absent, and his clerk, or any other person who has knowledge of the

transaction, swears to the facts, which according to the court, furnish a good defense: Sleeper v. Dougherty, 2 Wh. 177; Hunter v. Reilly, 36 Pa. 509.

The purpose of the affidavit is to test the defendant's conscience, and every matter of defense should be set forth specifically and with such detail as to show clearly and definitely its relation to the plaintiff's claim so far as they are within the deponent's cognizance or can be ascertained.

However, the affidavit by the attorney in this case does not aver that it is filed by the authority or on behalf of the defendant. The source of the information is not given and it is necessarily open to the inference that it is merely hearsay. While it concludes, " all of which facts as above set forth deponent avers he expects will be duly proved at the trial " it is not alleged that he believes them to be true, or that they are founded upon his personal knowledge or upon information derived from a proper source to enable the court to pass upon the sufficiency of the proof. There having been no application to continue the hearing of the rule so as to enable the defendant personally to file a supplemental affidavit we must dispose of the record as it is presented: Gross v. Painter, 1 W. N. C. 154; Crine v. Wallace, 1 W. N. C. 293; Peck v. Jones, 70 Pa. 83; Newbold v. Pennock, 154 Pa. 591; Griel v. Buckius, 114 Pa. 187; 1 Pepper & Lewis Dig. of Dec. col. 128.

The judgment is reversed and the record remitted to the court below with direction to enter judgment against the defendant for such sum as to right and justice belong unless other or equitable cause be shown to the court below why such judgment should not be entered.