## Binghampton Ice Cream Company v. Nicholas.

*Practice, C. P.—Pleading—Statement of claim—Oral or written agreement—Date of transaction—Practice Act of May 14, 1915.*

1. A statement of claim is fatally defective under the Practice Act of May 14, 1915, P. L. 483, which avers that the goods for the price of which suit is brought were sold and delivered at the special instance and request of defendant, but does not state whether such instance and request were oral or written.

2. Copies of book entries, attached to the statement to show charges against defendant, must state the year in which the alleged sales were made.

*Practice, C. P.—Corporation—Affidavit to statement.*

3. An affidavit to a statement of claim filed by a corporation is insufficient which shows that it was signed and sworn to by an attorney-at-law for plaintiff, without showing by what officer of the corporation he was delegated to sign it, and without an averment that he had personal knowledge of all the facts contained in the statement.

4. In such case a mere averment that he was acquainted with the facts alleged is insufficient.

Exceptions to statement of claim. C. P. Susquehanna Co., April T., 1922, No. 109.

*Van Scoten & Little,* for plaintiffs; *F. A. & E. L. Davies,* for defendant.

SMITH, P. J., July 3, 1922.—The exceptions filed to plaintiffs' statement are three: 1. Said statement fails to comply with section 5 of the Practice Act. 2. Statement is not properly sworn to. And 3. Said statement fails to set forth whether the contract between the parties was oral or written, and, if written, has no copy attached.

The argument in support of the third was centered about the second paragraph of allegation in plaintiff's statement, viz.: "The plaintiff, at Montrose, Pa., at the special instance and request of the defendant, sold and delivered to the said defendant a quantity of ice cream at the times, in the amounts, of the kind and for the prices set forth in a true and correct copy of account taken from the book of original entry hereto attached and marked exhibit 'A.' "

Referring to this exhibit "A," we find such alleged copy, days of month of each item charged, but no where thereon appears any year of alleged purchase and sale.

It is contended that said paragraph 2 of statement, with which is associated exhibit "A," presents one fatal omission of statement, viz., whether, as required by section 9 of the Practice Act, the contract was oral or in writing, and, if in writing, no copy is attached as provided in the 5th section of the act.

Does the copy of book account, exhibit "A," fulfill these requirements, copies of "book entries" being required by the 5th section?

We quote that which we believe good law from Endlich, P. J., in Albrecht v. Flamisch, 1 D. & C. 551: "It is an indispensable prerequisite to enable the

Binghampton Ice Cream Company *v.* Nicholas.

plaintiff to demand an affidavit of defence, or for judgment in default of such, that he set forth his claim in the precise manner indicated and prescribed by the Practice Act of May 14, 1915, P. L. 483," and it is appropriate here as a guide to the content of a plaintiff's statement, although the motion is different at bar in the case cited, but the principle is the same.

By the practice prior to the act, no doubt, also the introduction of the "book entries" along upon the trial, would be sufficient *prima facie* case for the plaintiff and shift the burden to the defence; but the Practice Act makes requisite a statement of the character of the contract, whether oral or written, and now, in our opinion, proof at the trial, one or the other, would be essential in conjunction with the "book entries" in order to put the defendant on his defence. Besides this, "book entries," being but the act of one party only, are not in themselves a contract or the meeting of two minds. Such entries might be made without a sale, or without the knowledge or assent of the defendant sought to be charged. While this is not probable; nevertheless, the construction of the present act leaves us to suggest such a situation of parties. It would be, of course, admitted that such "book entries," accompanied by the fact of the delivery to and acceptance of the articles enumerated by the defendant, would imply the latter's promise to pay for same.

At bar we have in the statement the express allegation that the plaintiff sold and delivered the goods mentioned in the book entries to the defendant "at the special instance and request" of the latter, from which we must assume that such "special instance or request" was, in the language of the act, either "oral or in writing;" and it should have been alleged which it was, and if the latter, a copy incorporated in the statement. This conclusion is in accord with the authorities of Philadelphia Gear Co. *v.* Climax Machine Co., 29 Dist. R. 493, and International Clay Machine Co. *v.* Keystone Clay Co., 29 Dist. R. 753, in which the reasoning of the opinion is, to our mind, unanswerable, and we confirm it.

At the argument, counsel for defendant contended that the absence from both statement and exhibit "A" of the mention of the year when such special "instance or request" by defendant was made, or "book entries" made, or goods delivered, renders it fatally defective; and while plaintiffs' counsel avers that this point is not covered by the exceptions filed, we think it is included in the first exception, although we suggest it would have been better practice to have been more specific of objection. We have no hesitation in sustaining it, for one reason at least, that the defendant is entitled to have notice from plaintiffs' statement whether the date is within or beyond the period of the statute of limitations in such transactions.

There remains the validity of the affidavit appended to the statement to be considered. The statement itself is not signed by the plaintiffs, but by Van Scoten & Little, attorneys for plaintiffs, and the affidavit thereto signed and sworn to by Edward P. Little, whose authority is cited in the affidavit thus: "That he has been authorized by the plaintiff corporation . . . to bring this action, and that he is acquainted with the facts alleged in the foregoing petition (meaning statement of claim), that the facts therein alleged are true and correct to the best of his knowledge, information and belief."

We feel compelled to sustain this exception (second) under the authority of Mintz *v.* Tri-County Natural Gas Co., 259 Pa. 477, and Safety Banking and Tr. Co. *v.* Conwell, 28 Pa. Superior Ct. 237, without further elaboration or discussion, except to say that the liberal list of citations of the first case fully set forth how and by whom, as a corporation officer, an affidavit must be made, and that it must appear that the authority to another to make an affi-

2 D. & C.

davit in behalf of the corporation was given by such officer or representative of the latter as would be qualified to make it himself, which is not the case here. Allegation of personal knowledge of *all* the facts by the affiant would appear to be sufficient; but such knowledge is not alleged in the affidavit, only that the affiant "is acquainted" with them, whether from hearsay or actual knowledge is not known.

### Order.

And now, to wit, July 3, 1922, for the reasons stated in the foregoing opinion, the exceptions to plaintiffs' statement are sustained and such statement is stricken from the record, and leave is hereby granted the plaintiffs to file a new statement of claim in the prothonotary's office within thirty days after filing of record the foregoing opinion and this order.

From Gerritt E. Gardner, Montrose, Pa.