## Faust v. Rigel.

*Practice, C. P.—Service of process—Domicil—Intention to change domicil — Service on defendant's parents — Right of parents to take rule to strike off—Sheriff's return—Act of July 9, 1901, P. L. 614.*

1. Where the defendant in a writ of summons, who is a single man, has left his parents' home in good faith, after he had sold all his possessions, and gone to another state to seek employment, with the announced intention of not returning, he cannot be served with process by leaving the writ at his parents' home.

2. In such case the sheriff's return is fatally defective if it states that the service was made at the home of defendant's father, and that the writ was read and made known to an adult member of the family, to whom a "true and attested copy" was handed, without showing that the service was made at defendant's "place of residence."

3. The parents of an absent defendant, who has been illegally served with process, may take a rule to strike the service off.

Rule to strike off service of summons. C. P. Snyder Co., June T., 1923, No. 100.

*Jay G. Weiser* and *A. F. Gilbert,* for rule.

*Charles P. Ulrich* and *H. A. Coryell,* contra.

POTTER, P. J., Sept. 4, 1923.—It seems that from dealings had between these parties, the plaintiff claimed the defendant to be indebted to him. Correspondence passed back and forth between them relative thereto from about the middle of February, 1923.

The defendant is a single man, about twenty-eight years of age. He had been away from home, somewhere in Ohio, in employment for himself for some time up to within a few years ago, when he came home to his parents at Beaver Springs, Snyder County, Pennsylvania, and, as employment, took up the sale of bonds and stock for some western concern, which becoming insolvent, he was left with nothing to do, and on May 3, 1923, or shortly before that time, he disposed of and sold his Ford car, which was all the property he owned, and left on that date for Cleveland, Ohio, where he secured employment and where he has resided since that time up to the present.

On May 19, 1923, the plaintiff brought suit against the defendant, caused a summons to be issued, which, on May 22, 1923, the Sheriff of Snyder County

Faust v. Rigel.

attempted to serve on the defendant by serving it on his mother, Mrs. Lizzie E. Rigel, at the home of P. F. Rigel, his father, in Beaver Springs, Pa., the return of which is as follows:

"May 22, 1923, served the within summons in *assumpsit* at the home of P. F. Rigel, in Beaver Springs, Snyder County, Pennsylvania, by reading the same and making known the contents thereof and by handing a true and attested copy to Mrs. P. F. Rigel, the mother of Jay A. Rigel, she being an adult member of the family, and at the same time and place by handing to her a true and attested copy of plaintiff's statement as filed in this case as to Jay A. Rigel, he being away from home.

"Fees $4.70.                        So answers J. F. REITZ, Sheriff."

A rule was taken out to show cause why this alleged service of the summons should not be stricken off.

1. It is contended by the plaintiff that the residence of this defendant was at Beaver Springs, with his father, P. F. Rigel, and his mother, Mrs. Lizzie E. Rigel, at the time the summons was supposed to have been served on his said mother on May 22, 1923, and that the service was good and legal.

We do not think so. This defendant was out of employment, was hunting work, and left his home at Beaver Springs on May 3, 1923, to go to Ohio to find something to do, nineteen days before the alleged service was made upon his mother. Before he left he sold his automobile, his only possession, and told his parents he was going to Cleveland to find employment and that he was not coming back, and this was about two and one-half months after he began to have the dispute with the plaintiff about their troubles. Had he gone away to evade services of process, he would presumably have gone long before he did go. And, further, the fact that he is in Ohio does not prevent this plaintiff from bringing suit against him in that state. He had a perfect right to locate in another locality to find employment, and who can say he did not on May 3, 1923, sever his residence at Beaver Springs? He disposed of his property, took his trunk and possessions and left. Who can say he did not do so in good faith? We have no proof that he did not, while we have positive proof that he did. Had he been married, had a wife and household goods, and had he left his wife and his household belongings at Beaver Springs, we could and would hold that he had not severed his residence. But when he sells his property and moves away to another state, we must hold that on May 3, 1923, he severed his residence at Beaver Springs, and that a summons could not be served on him at that place on May 22, 1923, or on any date after he left.

2. It is also claimed the sheriff's return does not show a legal service. We are of the opinion that had this defendant been in the locality of Beaver Springs, staying with his parents, but not at home when the sheriff went there to serve him, the alleged service would have been defective. Among other methods of service, the Act of July 9, 1901, P. L. 614, provides the following as one method of service, which is the only method of service of process which could be applicable to the question before us, to wit: "c. By handing a true and attested copy thereof, at his place of residence, to an adult member of the family with which he resides."

If service was made at all, it must have been made by this method. The service must have been made "*at his place of residence*" by handing a true and attested copy thereof "*to an adult member of the family with which he resides.*" This return reads as if the service had been made on Mrs. P. F. Rigel. It does not state the service to have been made *at the place of residence* of Jay A. Rigel, but it does state it to have been made at the home of P. F. Rigel, without connecting the defendant with that home. The return

also states that Mrs. P. F. Rigel is "an adult member of the family." Whose family? The return speaks of the home of P. F. Rigel; therefore, Mrs. P. F. Rigel must be referred to as an adult member of the home or family of P. F. Rigel. We have nothing whatever in this return to even show that the defendant resides with the family of P. F. Rigel. The return also says, "by reading the same and making known the contents thereof," but it fails to show to whom it was read, or to whom the contents were made known.

The return is defective and does not show that the defendant was served with process as is required by the Act of July 9, 1901, P. L. 614. The burden is on the plaintiff to legally bring this defendant into court, and he can do it only by a legal service of the summons, which must be done as is pointed out by the act of assembly.

The service is not legal from either point of view herein discussed and must be stricken off.

It is contended that the petition to strike off the service cannot be made by the parents of this defendant, and that they have no standing to petition for the rule to strike off. We fail to see just why they cannot. As parents, they naturally have an interest in the affairs of their son, and, he being away and not residing in Snyder County any more, some one should take up this matter for him, otherwise judgment by default would be entered against him. A parent is justified in defending his child, even so far as to the doing of injury to another who is seeking to injure the child. And an affidavit of defence can be made by the clerk of the defendant or by any one who has knowledge of the facts, where the defendant is away or is ill: Natural Gas Co. v. Natural Gas Co., 210 Pa. 137.

Even a third person may make the affidavit of defence where the defendant is ill or is absent: Kramer v. Cameron, 17 W. N. C. 223; James v. Young, 1 Dall. 248; Burkhart v. Parker, 6 W. & S. 480; Reiskey v. Gilman, 13 W. N. C. 282.

If a third person can be substituted to make up and set out the defence of the case, just as important a step as making up the statement of claim, why should not the parents be competent parties to make up the petition to strike off an illegal service, in the absence of the defendant?

We see no need for further discussion of the matter.

And now, to wit, Sept. 4, 1923, the rule is made absolute and the alleged service of the summons is stricken off the record.