## Shenango Valley Transportation Company v. Stokes (No. 1)

*Albert E. Acker,* for plaintiff.

*Weisen, Cusick & Madden,* for defendant.

RODGERS, P. J., April 14, 1954. — On February 8, 1954, a motion was made by counsel for defendant for a rule on plaintiff to show cause why the judgment in this matter should not be opened, and defendant allowed to make a defense thereto. The rule was granted on the same date and all proceedings were ordered stayed pending the disposition of the rule. On February 26, 1954, plaintiff filed an objection to the verification of the petition to open judgment of defendant, Lewis Charles Stokes. The matter was argued on April 12, 1954, on the question of whether the verification of the petition to open the judgment by the attorney for defendant was a proper verification under the circumstances. The court feels that the matter is controlled by the Act of April 9, 1915, P. L. 72, 12 PS §514, which states as follows:

"A judge of any court of record shall not in any matter, case, hearing, or proceeding before him, receive or consider any petition, or paper in the nature of a petition, alleging any matter of fact, unless the petition or paper is duly verified as to such allegations."

The petition to open judgment sets forth that the residence of defendant is in Cleveland, Ohio, and that the affidavit is made by the attorney because it would cause undue delay to have the document sworn to by defendant himself.

There is nothing to indicate why this residence in Cleveland, Ohio, less than 100 miles from this court, should cause an undue delay. Nowhere is the court told that defendant cannot now be found and it is clear that defendant would have a period of 90 days from the prior ruling of this court on defendant's motion to strike the judgment herein in which to bring this action to open the judgment.

Furthermore, while this court is not concerned with the question of deponent's right to act as counsel for defendant it is concerned with the ability of counsel to make an affidavit concerning the facts in this matter.

It is the opinion of this court that a petition to open judgment has not been duly verified where it is verified by a deponent who does not purport to have any personal knowledge of the facts in the petition; who fails to give the source of information received and believed to be true, who fails to aver that he has authority to make the affidavit on the behalf of defendant; and who gives an inadequate reason for the failure of defendant to make the affidavit himself: See 12 PS §514, and Borteck et al. v. Goldenburg et al., 87 Pa. Superior Ct. 602, 604.

See, also, the case of Safety Banking and Trust Company v. Conwell, 28 Pa. Superior Ct. 237, 238-39. There the court said:

"The purpose of the affidavit is to test the defendant's conscience, and every matter of defense should be set forth specifically and with such detail as to show clearly and definitely its relation to the plaintiff's claim so far as they are within the deponent's cognizance or can be ascertained.

"However, the affidavit by the attorney in this case does not aver that it is filed by the authority or on behalf of the defendant. The source of the information is not given and it is necessarily open to the inference that it is merely heresay. While it concludes, 'all of which facts as above set forth deponent avers he expects will be duly proved at the trial' it is not alleged that he believes then to be true, or that they are founded upon his personal knowledge or upon information derived from a proper source to enable the court to pass upon the sufficiency of the proof. There having been no application to continue the hearing of the rule so as to enable the defendant personally to file a supplemental affidavit we must dispose of the record as it is present."

Of critical importance to the petition filed in behalf of defendant in this case is paragraph 5, which states that "the defendant is not liable in any sum whatsoever to the plaintiff upon the cause of action which is the basis of this suit".

The affidavit of deponent does not enlighten the court on the source of this information, general as it is, or that he expects to be able to prove the same. While the court believes that deponent, Martin E. Cusick, is counsel for one who has the right to defend this action for defendant, the court does not believe that this eliminates the necessity of an affidavit of sufficient particularity to inform the court of a proper basis for the statements made by the deponent.

The court, therefore, concludes that the petition has not been duly verified as required by the Act of 1915 and therefore the following order is entered:

## Order

And now, April 14, 1954, the rule granted in this matter on February 8, 1954, is hereby discharged.