<h1>Dewey *against* Dupuy.</h1>

2 WS 553|
27 SC ²263|

It is not necessary, under the affidavit system established by the Act of 28th of March 1835, for the District Court, that a declaration or statement should be filed in all cases, though the court may direct it to be done.

The lessee is not discharged from an express covenant to pay rent, by the lessor's recognising the assignee of the lease as tenant, and receiving rent from him, though the lessee never entered.

An affidavit that the defendant did not enjoy the privileges covenanted for by the lessor, is not an averment that the lessor had prevented him from the enjoyment of them.

*It seems* that if two defendants are sued, and one only is served with process, and appears and makes defence, a judgment entered generally is a judgment against such defendant only.

THIS was a Writ of Error to the District Court for the city and county of *Philadelphia*, in which judgment was entered for the plaintiff.

John Dupuy, Jr., brought an action of covenant against John S. Silver and William Dewey, and filed the following copy of the deed on which the suit was founded:—

"For and in consideration of the sum of $1000 per annum, to be paid to him in equal quarterly payments after the first day of March next (A. D. 1837), John Dupuy, Jr., hereby rents and leases unto Joseph S. Silver and William Dewey, for the full term of five years from March 1837, all that certain wharf on the river Schuylkill, known by the name of Dupuy's wharf, situated below the U. S. Arsenal, and containing a pier of about 80 feet front on said river, together with a dock 25 feet wide on the upper side, and a dock of 20 feet in width on the lower side of said pier. The lessees have immediate possession of the premises, without charge till March 1st next. They are also entitled to the free use and privilege of a good road for carts, &c. from this wharf to Gray's Ferry road, and of the water of Dupuy's well on the hill near the wharf for their men, &c. during the full term of this lease. In consideration of this lease, the said J. S. Silver and Wm. Dewey agree to pay $1000 per annum, as above specified, to said John Dupuy, Jr., from March 1st, A. D. 1837, to March 1st, A. D. 1842, in quarterly equal payments on the 1st days of June, September, December, and March. And they agree that the planking remaining on the wharf at the expiration of this lease, shall be the property of the owner of the wharf.

II. — 70          2 w

[Dewey v. Dupuy.]

Witness our hands and seals at Philadelphia, this 16th day of December, A. D. 1836.

J. S. Silver.          [seal].

Witness present          William Dewey.          [seal].

William Harmer,          John Dupuy, Jr.          [seal].

Christian Febiger.

The following affidavits were filed on the part of the defendant:

William Dewey being duly sworn, says, that there is a defence to the plaintiff's claim in the above suit of the following nature and character, to wit: The above defendant never entered into possession of the premises, but before, as he thinks, by the commencement of the said lease, the same was assigned together with all the interest of defendants thereon, and all their rights under the same, to Samuel S. Hornor of the city of Philadelphia. That the above plaintiff knew of the said assignment and transfer of all defendant's interest in the said lease, and approved of the same, and accepted of the said Hornor as his tenant, who entered into possession of said premises under the said plaintiff, and continued in possession of the same till he assigned and transferred his interest therein to Mr Williams; that since the transfer by Mr Hornor to Mr Williams, the plaintiff (as deponent has been informed, and believes, and expects to be able to prove) has recognised and accepted Mr Williams as his tenant. Deponent further says that he has been informed, and believes, and expects to be able to prove, that the above plaintiff has not kept and performed his part of the agreement, a copy of which has been filed, but has broken the same in this, to wit: that the tenant had not the free use and privilege of a good road for carts from the wharf to Gray's Ferry road; nor of the water of plaintiff's well on the hill near the wharf, for the men.          **William Dewey.**

William Dewey, the above defendant, being duly sworn, says, that the qualifications in his former affidavit of the words "as he thinks," at the commencement, were meant to apply wholly to the time of the transfer of the lease, and not to the fact of transfer; of that he has no doubt, and intended to assert it as a positive fact. In addition to which he has since procured the affidavit of Samuel S. Hornor, to whom the said lease was assigned, which he annexes to this his supplemental affidavit:

Samuel S. Hornor being duly affirmed, says, that in March 1837, he took an assignment of the lease of the above plaintiff to defendants, of his, plaintiff's, wharf on the river Schuylkill; said lease is dated 16th of December 1836. That immediately after affirmant had purchased the said lease he went into possession—finished the said wharf, planked it, &c. The wharf had never been occupied before by any one, nor taken possession of by defendant. The said plaintiff knew of the said transfer and assign-

[Dewey v. Dupuy.]

ment by defendants to affirmant—approved of it—and fully acknowledged affirmant as his tenant; received rent from him; gave instructions and advice to affirmant about the best means of extending custom, &c. Plaintiff's house and residence is within a few hundred yards of said wharf and overlooks it. Plaintiff got his coal from affirmant at said wharf, and when affirmant settled with him for the rent deducted the coal bills. Affirmant continued in possession about one year, when he sold out and assigned all his interest to S. S. Williams. Since which time plaintiff has been in the habit of receiving his rent from Williams or his assignee. When the first quarter became due from affirmant to plaintiff, plaintiff came to affirmant for his rent, and threatened to seize his property unless he paid him. Plaintiff did not go to the wharf for his rent, but came to affirmant at his office in Fifth street near Chesnut.

Errors assigned:

1. The court erred in deciding that the plaintiff below was entitled to judgment without filing a narr. or statement of his claim.

2. In deciding that facts set forth in the affidavit of defence, and the supplemental affidavit, were not sufficient to entitle defendant below to a trial by jury.

3. In entering judgment for the plaintiff, notwithstanding the affidavit of defence and the supplemental affidavit.

4. In entering judgment generally against both defendants, when only one was summoned, and only one appeared.

*Perkins,* for the plaintiff in error.
*Budd, contra.*

The opinion of the Court was delivered by

SERGEANT, J.—The first error assigned embraces the question whether the plaintiff ought not to have filed a declaration or statement of his cause of action, before the District Court could give judgment by default against the defendant, under the Act of 28th of March 1835, for the insufficiency of his affidavit. It is understood that it has been the settled practice of the District Court, since the enactment of the law, not to require a declaration or statement, and it ought to be very clear that the Act of Assembly required it, either expressly or on principles of obvious necessity and convenience, before this court would overturn the long-settled practice of that court, and subject numerous judgments to reversal. It is by no means, however, so clear that the Act contemplated the filing of a declaration or statement. The affidavit system is a new one. It was introduced into that court in lieu of arbitrations. It was intended to afford speedy relief in cases of undisputed debts. It was introductive of provisions not known to the common law, and not necessarily connected with its

[Dewey v. Dupuy.]

accustomed forms. And, after all, a declaration, in many cases, would shed little additional light in determining what was the exact amount which the plaintiff claimed beyond that of filing a copy of the instrument. Declarations are often indefinite, not designating any precise amount, frequently containing many counts and leaving the record as obscure on the subject of the plaintiff's precise claim, as if they had not been filed at all. A statement may be as loose and unsatisfactory as a declaration. The supplement extending the provisions to the cases of loans of money on verbal contracts requires the affidavit of the plaintiff, and leaves the Act of 1835 unchanged. Where a copy of the instrument is filed, it is in the power of the defendant to deny all indebtedness upon it, or to explain the nature of his defence against all and any claims that might arise upon the face of the instrument. It would seem as if the legislature intended that the propriety of entering a judgment was to be tested not so much by the plaintiff's claim as by the defendant's affidavit, which is on that account required to state specially the nature and character of the defence.

On the best consideration we are not able to perceive that the Act of Assembly requires a declaration or statement, or that under this peculiar system any great advantage would be gained by introducing them universally, though plaintiffs are at liberty to file them, and there are cases in which the court may, if they see proper, direct it to be done, and defendants may be compelled to answer the averments contained in them.

2. The second question is on the merits of the case set forth in the defendant's affidavit. The substance of it is, that before taking possession under the lease he assigned it over, and that the plaintiff recognised the assignee as his tenant, and received rent from him. This constitutes no defence. It is well settled that where there is an express covenant by the lessee to pay the rent, he is liable in an action of covenant during the lease, notwithstanding before the breach complained of the interest in the lease may have been assigned, and though the lessor may have accepted rent from the assignee. 1 *Chitty's Plead.* 36, and cases cited. There is no pretence for the allegation of a release to the lessee. There is none averred in point of fact, and no inference of it can be drawn from the facts stated; nor does any consideration for it appear. The facts stated are perfectly consistent with the continued liability of the lessee. The lessor may receive rent from the assignee as his tenant without being considered as thereby releasing the lessee; and perhaps he is bound to receive it from the assignee if tendered when due. Then it is said that it appears by the affidavit that the plaintiff broke his covenant, and that the defendant is entitled to a deduction. But the difficulty is that the affidavit does not aver any breach by the plaintiff. It merely says that " the tenant had not the free use and privilege of a good road for carts from the wharf to Gray's Ferry road, nor

[Dewey v. Dupuy.]

of the water of plaintiff's well, on the hill near the wharf," which might well be, if the tenant had declined or neglected to make use of the privileges contracted for, or was deprived of their enjoyment by a third person, or by some act of Providence. If the plaintiff had violated his covenant, it was in the power of the defendant, and it was his duty, to state it in language less ambiguous. As to the judgment, it was only against Dewey. As he was the only party that was served with process and took defence, the judgment would regularly be against him alone, though entered generally. But it appears now, during the argument, that the judgment was expressly entered against Dewey alone.

Judgment affirmed.