# Frank *versus* Maguire.

*Affidavit of Defence, when sufficient.— What Instruments of Writing are within the Rule authorizing Judgment for want of Affidavit.—Declaration unnecessary when Copy of Instrument is filed.— Covenant to pay Rent, when binding on Lessee after Assignment of Lease.*

1. A lease, reserving a pecuniary rent, is "an instrument of writing for the payment of money," within the Act March 28th 1835, relating to judgments for want of an affidavit of defence.

2. It is necessary only to file a copy of the lease, without statement or declaration, to entitle the plaintiff to judgment for want of an affidavit of defence.

[Frank *v.* Maguire.]

3. A tenant is bound by his express covenant to pay rent, though he has assigned the lease with his landlord's assent, and the assignee is accepted as tenant, and rent received from him, unless the landlord has accepted the surrender of the former and released him.

4. An affidavit of defence in an action for rent, alleging the assignment of the lease by consent of the landlord, and the acceptance of the assignee by him as tenant, and the receipt of rent, held insufficient because it did not aver a surrender of the term.

ERROR to the Common Pleas of *Philadelphia.*

This was an action of covenant by James Maguire against Lebrecht Frank, on a sealed instrument, whereby the defendant undertook a personal liability for the performance of the covenants on the part of the lessee, in a lease given by James Maguire, executor, to Dr. John S. Albright, "without recourse" to the lessee. A copy of the lease and of the covenant of Mr. Frank being filed, defendant filed the following affidavit of defence :—

"Lebrecht Frank, the defendant, being duly sworn, says: That he has a defence to the plaintiff's claim in this case, as follows : The copy filed does not contain any statement of the specific cause of action, or the amount claimed, or for what any amount is specifically claimed, or for breach of which of the covenants contained in the copy filed, the suit has been brought. Deponent further says that he is informed, verily believes, and expects to be able to prove, upon the trial of the case, that the tenant of the premises mentioned in the lease, a copy of which is filed, paid the plaintiff one quarter's rent, the said tenant occupying the premises but three months. The premises were then rented to De Grath & Co., and the plaintiff accepted them as tenants, and there is nothing due whatever by John S. Albright under the lease."

A rule for judgment for want of sufficient affidavit of defence being taken, on argument thereof, the court were of opinion that the affidavit was insufficient, but, on application, granted leave for defendant to file a supplemental affidavit, and continued the rule. The following affidavit was then filed :—

"Lebrecht Frank, being duly sworn according to law, doth depose and say : That in addition to the facts set forth in his affidavit of defence, filed in this case, he further states that he has been informed, verily believes, and expects to be able to prove, upon the trial, that the plaintiff, after one-quarter of one term of the lease had expired, accepted and received De Grath & Co. as tenants, in place and stead of John S. Albright, and the said De Grath & Co. attorned to plaintiff. That afterwards, during the pendency of the term of the lease, and a considerable time before its expiration, the plaintiff received and accepted from De Grath & Co. the keys of the premises mentioned in the

[Frank v. Maguire.]

lease, took possession of the said premises, and has now possession of them exclusively."

Upon the second hearing, the supplemental affidavit being also deemed insufficient, the rule was made absolute, and judgment given for plaintiff, the prothonotary to assess the damages in the usual way.   On the same day the prothonotary assessed the damages at $330.85, being for two quarters' rent, beginning July 1st 1860, and ending January 1st 1861, with interest thereon, and allowing plaintiff the benefit of one quarter's rent, paid by him as stated in his affidavit.

A suit was also commenced against Dr. Albright, the lessee, in the same court, to the same return day, and judgment *non obst. juram.* given against him.

This writ was sued out by defendant, who assigned for error —1. The entering of judgment for plaintiff for want of a sufficient affidavit of defence.

2. The refusing to discharge the rule for judgment for want of a sufficient affidavit of defence.

*Edward H. Weil* and *Henry M. Phillips*, for plaintiff in error.—The affidavit and supplemental affidavit show two distinct reasons for refusing judgment.   1. That the copy filed does not contain any specific cause of action, viz.:  It does not state what amount, if any, is claimed.  It does not suggest which, if any, of the covenants were broken.   This action is brought against the security on the lease, not against the lessee himself.   There was no suggestion attached to the copy that any rent was due, or the amount claimed by the plaintiff.   The practice in the District Court for this county has always been to file a statement with the copy, and where this is not done that court refuses to enter judgment :  Kearney *v.* Collins, 2 Miles 13.   2. The affidavits assert, with precision and certainty, that, the plaintiff, during the pendency of the lease, received and accepted the keys of the premises, acknowledged De Grath & Co. as tenants in place of the lessee, Albright, and that De Grath & Co. attorned to the plaintiff.   That this attornment took place immediately after the first quarter, the rent, up to that time, having been fully paid.   Here, then, is a clear surrender :  Greider's Appeal, 5 Barr 425 ; McKinney *v.* Reader, 7 Watts 124 ; Thomas *v.* Cook, 2 B. & A. 119 ; Smith *v.* Niver, 2 Barb. Sup. C. Rep. 180 ; Bailey *v.* Delaplaine, 1 Sandf. Sup. C. Rep. 5 ; Logan *v.* Anderson, 2 Doug. 101 ; Whitney *v.* Meyers, 1 Duer 266.   A demise, such as the present, is an entire contract, and by an acceptance of a surrender, pending a current year, the landlord having destroyed his right to recover the entire rent of that year, according to the covenants of the lease, cannot recover any part of it, and is, therefore, not permitted to claim *pro rata :* Hall *v.*

Burgess, 5 Barn. & Cress. 332 (11 E. C. L. R. 246); Grimman *v.* Legge, 8 Id. 324 (15 E. C. L. R. 229). This was an available defence for the lessee. It is not necessary to cite authorities here, that even if the acts of the lessor, the plaintiff below, did not bar his right of recovery against the tenant, Albright, still they unquestionably discharged the surety, who had no knowledge of such proceedings.

*E. Coppée Mitchell* and *Simon Gratz,* for defendant in error.—
1. The instrument, a copy of which is filed, is sufficient to meet . the requirements of the affidavit of defence law. A lease is "an instrument of writing for the payment of money," within the meaning of statute of 28th March 1835 : Dewey *v.* Dupuy, 2 W. & S. 553. No suggestion of the breach of any particular covenant contained in the instrument is necessary. For the only covenant contained in the instrument, which is "for the payment of money," is the one by which the lessee binds himself to pay rent. And if such covenant were not in the instrument, it would not come within the meaning of the act. Nor is any statement of the amount claimed necessary: Dewey *v.* Dupuy.

2. The affidavits of defence do not by a reasonable construction show a state of facts inconsistent with the liability of the plaintiff in error. They are ambiguous. The supplemental affidavit says, "that the plaintiff, after one quarter of one term of the lease had expired, accepted and received De Grath & Co. as tenants, &c." It might have been many months "after" the expiration of the quarter, or it might have been (as assumed in the plaintiff's argument) immediately after. It also states "that afterwards, during the pendency of the term of the lease, and a considerable time before its expiration, plaintiff" received the keys, without stating at what particular time. It might have been immediately after the attornment alleged in the affidavit, or it might have been (as was the truth of the matter) on the 24th or 25th of January 1861, after the suit was brought.

These defects were pointed out in the argument of the rule for judgment in the court below, and plaintiff in error had an opportunity of amending his affidavit; that he did not do so, puts the worst construction on these ambiguities : Bryar *v.* Harrison, 1 Wright 233.

The case of Dewey *v.* Dupuy, 2 W. & S. 553, is, in every particular, directly in point. See also Fisher *v.* Milliken, 8 Barr 111; Ghegan *v.* Young, 11 Harris 18.

The liability of the lessee being thus established, the covenant of Mr. Frank, who agreed to be responsible to the defendant in error, for the true and faithful performance of the covenants of the lessee, throws upon him the burden of paying the damages for their breach. For, even admitting, for the sake of argu-

[Frank v. Maguire.]

ment (which is otherwise expressly denied), that the contract with the lessee was altered materially without the knowledge of Mr. Frank, the law forbids that the obligation of a contract under seal shall be varied, without resorting to the means of the same efficacy as those from which it is derived: Cordwent v. Hunt, 8 Taunt. 596; and, besides, there was no consideration.

The opinion of the court was delivered, March 10th 1862, by

STRONG, J.—The judgment which we are asked to reverse was entered for want of a sufficient affidavit of defence, and the first question is, whether the plaintiff's case was within the provisions of the Act of March 28th 1835. It was an action of covenant, in which the plaintiff filed a copy of a lease, which he had made to one John S. Albright, and a copy of an agreement by which the defendant had covenanted to become security for the lessee. The lease contained not only an engagement of the lessee to pay the stipulated rent, but also covenants not to assign or underlet, and covenants to keep the demised premises in repair, and to surrender them in good order at the expiration of the term. No declaration or statement was filed, and there was nothing more than a copy of the lease to indicate whether the action was brought for the non-payment of rent, or for the breach of any of the other obligations which the lessee had assumed.

It is clear that a lease, reserving a pecuniary rent, is "an instrument of writing for the payment of money," within the meaning of the Act of March 28th 1835, and this was decided in Dewey v. Dupuy, 2 W. & S. 553. It was also held in that case that it was not necessary to file a declaration or statement in addition to the copy of the lease. The Act of Assembly does not require it nor make it a pre-requisite to the entry of judgment. The statement spoken of in Dewey v. Dupuy was undoubtedly what is referred to in the Act of Assembly of March 21st 1806; a substitute for a declaration, and not a memorandum accompanying the copy filed, and directing the attention of the defendant to the exact subject of the claim. But neither does the Act of Assembly require the latter. When, as in this case, the instrument, a copy of which is filed, contains, in addition to an engagement to pay a sum in money, other promises or covenants to be performed by the defendant, it is obviously proper, even necessary, that, besides the copy, there should be something to indicate to the defendant precisely what he is called upon to answer, before the issues are formed and the case is ordered for trial. This is not only necessary for an intelligible trial, but to put the record in such a condition as to make it available for a plea of former recovery. But there is no such necessity to enable a defendant to make an affidavit of defence sufficient to prevent a summary judgment. Such judgment can be given

[Frank *v.* Maguire.]

against him for no claim arising out of the instrument, other than that which springs from his engagement to pay money. The filing of the copy is an annunciation that the contract is relied upon as "an instrument of writing for the payment of money," and that for the money unpaid the suit has been brought. The defendant cannot be misled or in doubt. He was not, in this case. He directed his affidavit of defence exclusively against the claim for rent, and he has not been injured by the absence of a statement.

Then, were the affidavits sufficient? Taken together, they aver in substance that the rent for the first quarter was paid, that after the first quarter of the lease had expired, the premises were rented to other tenants, whom the plaintiff accepted as tenants in the place and stead of Albright, the lessee, and that they attorned to him. They also aver that before the expiration of the lease, the plaintiff accepted the keys and took possession of the demised premises. By the express terms of the lease the rent was payable quarterly. The affidavits doubtless show a defence against any claim for the rent of the first and last quarters. But the judgment was for the rent of the second and third quarters, and the question is, whether the averments are sufficient to prevent a recovery of that. It surely is not necessary to cite cases to prove that a tenant is bound by his express contract to pay rent, even after he has assigned the term with his landlord's assent, and though the landlord has accepted the assignee as his tenant, and received rent from him. A landlord may, indeed, accept a surrender even by parol, and if he does, the term is gone into the reversion and the rent ceases: Greider's Appeal, 5 Barr 425; McKinney *v.* Reader, 7 Watts 124. But is a surrender averred in this case? Not in terms, certainly, and not even inferentially, unless it be in the allegation that the plaintiff accepted and received De Grath & Co. as tenants in place and stead of John S. Albright, and that they attorned to him. But if he received from them rent reserved under the lease, or accepted them as tenants, it must have been in place and stead of the original lessee, and that would not amount to a surrender of the term: Dewey *v.* Dupuy, 2 W. & S. 553. If the defendant intended to aver that there was a surrender, it was easy to assert it, so as to leave no doubt. While his affidavits are to receive no strained construction against him, it is not unreasonable to require that he shall not leave in doubt what it was so easy to set at rest. All which is averred may have taken place, and yet there have been neither surrender nor release. And, indeed, the subsequent part of the supplemental affidavit almost in terms avers that the alleged acceptance of De Grath & Co., as tenants in place and stead of John S. Albright, and their attornment *to* the plaintiff, was no acceptance of a surrender. The continued

[Frank *v.* Maguire.]

existence of the term is asserted. The defendant affirms that afterwards, *i. e.* after the receipt of the new tenants, and after their attornment, "during the pendency of the term of the lease, and a considerable time before its expiration," the plaintiff received the keys. Up to that time, then, the term continued, and of course there had been no previous surrender. It follows that the affidavits set up no defence to the claim for the rent of the second and third quarters.

Judgment affirmed.