*Twenty-first Judicial District.*

# In the Court of Common Pleas of Schuylkill County.

## THE CO. OF SCHUYLKILL *v.* FREDERICK BUCKHOLTZ.

Judgment for want of an affidavit of defence may be taken against a surety for the payment of rent on a lease.

**Motion for judgment for want of an affidavit of defence.**

Opinion delivered by

WALKER, J. This was an action of debt, brought to recover $200 rent due on a written lease, dated ——— March, 1872, given by the plaintiff to Jacob Griesel, of a house and lot in Pottsville, and on which the defendant, Frederick Buckholtz, was the security. The writing is attached to the lease, and is in these words:

"*For a valuable consideration I hereby become security for the payment of the above rent to the said lessor or assignees, as often as the same shall come due.* FREDERICK BUCKHOLTZ." [SEAL.]

Copies of the lease and the contract of the security were duly filed of record. *There was no affidavit of defence made.* The point here raised is, whether this is such *an instrument of writing* for the payment of money, upon which judgment may be taken for want of an affidavit of defence, under the act of 1851, P. L. p. 625, sec. 14. See Purdon's Dig. vol. 1, p. 495, pl. 13 and notes. There is a distinction in Pennsylvania between a surety and a guaranty, and the intent of the parties drawn from the language of the instrument must establish this. In this case we should construe the defendant to be a surety. Monberger et al. *v.* Pott, 4 Harris 9; Allen *v.* Hubert, 13 Wr. 259; see also Gilbert *v.* Henck, 6 C. 205.

The contract of the defendant is an absolute undertaking to pay the rent as it shall fall due, and the instrument is within the terms of the act of assembly. Blackburn *v.* Boker, 1 P. L. J. Rep. 15-30. So, a guarantee of rent was held to be within' the provision of the act. Girard Ins. Co. *v.* Finly, Troubat & Haly's Prac. vol. 1, part 1, p. 369 to 372. So also in forfeited recognizances. Harres *v.* Commonwealth, 11 C. 416. And it is only necessary to file a copy of the lease without statement or declaration, to entitle the plaintiff to judgment for want of an affidavit of defence. Frank *v.* Maguire, 6 Wright 77; Dewey *v.* Dupuy, 2 W. & S. 553. We would also refer to the following as within the meaning of the words, "*instruments of writing for the payment of money.*" Luckenbach *v.* Anderson, 11 Wr. 123; 6 Barr 476; Bayard *v.* Gillaspy, 1 Miles 256; Moore *v.* Fields, 6 Wr. 467; Hogg *v.* Charlton, 1 C. 200; Johnston *v.* Cowan, 9 P. F. S. 275. But the defendant has filed no affidavit, and it is in his power to deny or explain the claim. But he has done neither.

Judge Sargeant, in Dewey *v.* Dupuy, 2 W. & S. 556, speaking of act of assembly relative to affidavits of defence, says, "It would seem as if the legislature intended that the propriety of entering judgment was to be

tested, not so much on the plaintiff's claim, as by the defendant's affida-vit." See also Sleeper *v.* Dougherty, 2 Wharton 177 ; McConeghy *v.* Kirk, 18 P. F. S 200. We are clearly of the opinion that the plaintiff is entitled to his judgment. Motion granted.

*F. W. Bechtel*, Esq., for plaintiff; *A. W. Schalck*, Esq., for defendant·