# McKeone Soap Manufacturing Co. *versus* Religious Press Co.

An executory contract, in writing, for the payment of money, which of itself does not establish a *prima facie* right in the plaintiff to recover, is not within the affidavit of defence law, unless supplemented with averments of fact, so full, specific and precise as to warrant a verdict of a jury in favor of the plaintiff.

[McKeone Soap Mfg. Co. v. Religious Press Co.]

January 27th, 1887.   Before MERCUR, C. J., GORDON, PAX-SON, TRUNKEY, STERRETT and GREEN, JJ.   CLARK, J., absent.

ERROR to the Court of Common Pleas No. 1, of *Philadelphia county:*   Of January Term, 1887, No. 122.

Assumpsit by the Religious Press Association against the Charles McKeone & Son Soap Manufacturing Company.

The following instrument in writing and averments in support of the plaintiff's claim were filed.

Philadelphia, Sept. 3d, 1885.

*The Religious Press Ass'n.*

Gentlemen :— You are hereby authorized to insert our advertisement in the following papers: The Presbyterian, Nat'l Baptist and The Church, space in each to be changed at our pleasure, and something to appear in each of above papers every week, not less than two lines, for one year for which we will pay nine cents per line in Presbyterian, five cents in the Nat'l Baptist and five cents in The Church, bills to be rendered monthly, copies of the papers to be mailed us regularly.

Yours Truly,

THE CHAS. MCKEONE & SON SOAP MANUFACTURING CO.
per E. Hall, Att'y.

The plaintiff avers that said advertisement was so inserted until forbidden, under above agreement, from September 30th, 1885, till March 31st, 1886, when the further insertion was discontinued by the defendant, and the plaintiff claims to recover, for advertising done under said contract between said dates, the sum of $647.25, with interest from March 31st, 1886.

The defendant filed the following affidavit:

PHILADELPHIA COUNTY, SS.

Charles McKeone, being duly sworn, saith that he is the treasurer of the company defendant, and duly authorized to act on its behalf and conversant with its affairs.

This deponent further saith that he is advised and believes that the copy filed in this case is not such an instrument as is within the affidavit of defence law, being a copy of an executory contract only, and deponent further saith that the averments filed with said copy are irregular, unauthorized and insufficient to warrant this court in entering judgment.

The plaintiff took a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.   After hearing, the court made this rule absolute. Judgment was thereupon entered in favor of the plaintiff in the sum of $673.40.   The defendant thereupon took this writ, assigning for error the action of the court in making said rule absolute.

*Richard P. White* (*George H. Earle, Jr.*, with him), for plaintiff in error.—To hold that averments may be added in order to show a liability upon the instrument would be to ·import a new provision into the affidavit of defence law, under which it has always been held that the bond, note or other instrument sued upon must be such that the jury can give a verdict upon it alone without other evidence. Here facts independent ·of the note must be proved, and the plaintiff cannot file the evidence of such facts to compel the defendant to show his hand and answer to it: SHARSWOOD, Chief Justice, in Company *v.* Brierly, 10 W. N. C., 45. See to same effect, Wall *v.* Dovey, 10 P. F. S., 213; Commonwealth *v.* Pelletier, 8 W. N. C., 516; Company *v.* Bank, 10 Id., 104; Celhouse *v.* Association, 8 Out., 392; Sands *v.* Fritz, 3 Norris, 15; Lark *v.* Von Neida, 16 W. N. C., 93; Bray *v.* Martin, 13 Id., 385; Eldred *v.* Richardson, 7 Id., 130; Commonwealth *v.* Myers, Id., 487; Farren *v.* Harned, 12 Id., 16; Colman *v.* Clark, 14 Id., 76; Elliott *v.* Kunszig, 9 Id., 542; Van Dusen *v.* Thomas, 10 Id., 190; King *v.* Company, Id.; Goeke *v.* Montgomery, 6 Id., 238; Company *v.* Steward, 37 Leg. I., 50.

It will be noticed that the present case is particularly aggravated, as neither the instrument nor the averment show what advertising was done (the plaintiff in error having had an option as to the amount), but merely demand a lump sum, without stating for what, so that we have no way of knowing whether this sum is correct or not.

Our only possible method of acquiring data for an affidavit being a laborious and unsatisfactory reading of every line in every issue of these three newspapers, for months. Such a burden would be intolerable in all cases, but particularly so in this, where the instrument filed shows only a possible liability.

The doctrine of *stare decisis*, if it exist at all, is especially applicable to this case, as the plaintiff in error, in relying upon the above cases, subjected itself to a judgment.

*William C. Stoever*, for defendant in error.—The question in this case is whether an executory agreement, whereby the defendant has bound himself to pay money, can, in connection with an averment by which the amount due is fixed, sustain an entry of judgment for want of an affidavit of defence. We think it can, as is shown by the following cases: Bank *v.* Thayer, 2 W. & S., 447; Dewey *v.* Depuy, Id., 553; Sutton *v.* Base Ball Club, 4 W. N. C., 90; Vandyke *v.* McConnell, 1 Id., 276; Fertig *v.* Maley, 5 Id., 133; Journal of Commerce Co. *v.* Reeves, 17 Id., 222; Mathews *v.* Sharp, 3 Out., 560; Rile *v.* Worl, 1 Phila., 45.

In the majority of the cases, cited in the paper-book of the plaintiff in error, the suits were instituted upon bonds of indemnity. This court has said that "a bond is not an instrument for the payment of money and contains no absolute promise to pay money " Here the case is entirely different. An order had been given to do certain advertising in certain papers, accompanied with a promise to pay therefor at a certain fixed price per paper.

We respectfully submit that we have done as required by the Act, and, having brought suit upon the paper given, claim that, under the Act and the decisions referred to, it is the duty of the defendant below, if he has a defence, to disclose it to the satisfaction of the court. If the Act is not to be so construed, an insolvent or litigious debtor may, by such suggestion as is filed in this case, defeat the object intended, and, for years, delay the creditor in obtaining judgment, and possibly in recovering money which he was entitled to receive long since, a hardship which, we feel confident, this court would be slow to impose upon any citizen.

Mr. Justice STERRETT delivered the opinion of the court March 14th, 1887.

Assuming that the order, a copy of which was filed in this case, is an instrument for the payment of money within the meaning of the affidavit of defence law, we think the amount of advertising done, in pursuance of the order, and the contract value of the same might have been so averred as to have required defendant to file a specific affidavit of defence; but, as they appear of record, the averments are wholly insufficient for that purpose.

The order in question contains a promise to pay nine cents per line for advertising in one of the papers named, and five cents per line in each of the others. If the number of lines advertised in each paper, together with the respective dates of each insertion, had been averred, the amount due under the order would have been fixed with mathematical precision, and defendant would have been fully informed as to the items, etc., which compose plaintiff's claim; but, instead of thus specifying the different items, the averment is that plaintiff claims to recover for advertising, between certain dates, the sum of $647.25, with interest from March 31st, 1886. It is not even averred that the gross sum claimed for advertising is computed according to the prices named in the order. In some cases it is obviously proper that, in addition to filing a copy of the instrument sued on, there should be something to indicate to defendant precisely what he is called upon to answer : Bank v. Maguire, 42 Pa., 77–8. That was not done in this case, and

defendant was not bound to answer the somewhat vague and uncertain averment that was made for the purpose of helping out the written instrument.

In view of the fact that the affidavit of defence law, under which this case arises, has been considered in Vulcanite Paving Co. *et al. v.* The Philadelphia Traction Company, No. 72 of this term, it is unnecessary to pursue the subject further in this case. The assignment of error is sustained.

Judgment reversed, and *procedendo* awarded.