## In re HEILBRON BROS., Inc.

### (District Court, E. D. Pennsylvania. October 7, 1915.)

### No. 5173.

1. APPEAL AND ERROR ☞1010—REVIEW—QUESTIONS OF FACT.

While findings of fact will not be disturbed unless devoid of support in the evidence, fact inferences may be reviewed and corrected if unsupported by the facts as found, or if the wrong inference is drawn.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3982, 4024; Dec. Dig. ☞1010.]

2. APPEAL AND ERROR ☞1008—REVIEW—QUESTIONS OF FACT.

Surrender by the receiver of property leased by a bankrupt by tendering the keys to the landlord and acceptance thereof by him was a question of ultimate fact subject to review.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3955–3960, 3962–3969; Dec. Dig. ☞1008.]

3. LANDLORD AND TENANT ☞109—SURRENDER OF LEASE—ACTS CONSTITUTING.

Where the receiver of a bankrupt brought the keys to premises leased to the landlord and tendered them for the purpose of surrendering the premises, and the landlord retained the keys without any denial of the natural meaning of such acceptance, and subsequently exercised acts of ownership over the property, a finding of surrender and acceptance of the premises was justified.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 350–360, 363–365, 368–371; Dec. Dig. ☞109.]

4. LANDLORD AND TENANT ☞231—SURRENDER OF LEASE—BURDEN OF PROOF.

The burden of proof of a surrender and acceptance of demised premises by the landlord is upon the lessee.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. ☞231.]

In Bankruptcy. Upon petition for review of the referee's order denying the claim of David E. Dallam, trustee, for rent. Petition dismissed, and report confirmed.

E. M. Finletter and Walter Biddle Saul, both of Philadelphia, Pa., for petitioner.

Alfred Aarons, of Philadelphia, Pa., for trustee.

DICKINSON, District Judge. [1, 2] Standing room for this petition for review is afforded by the presence of one feature, and one feature only, of the cause. The question involved turns wholly upon a fact, and the fact has been found against the petitioner. Although it is true that the findings of the trier of facts will not be disturbed, unless devoid of substantial support in the evidence, fact inferences drawn will be reviewed and corrected, if the inference as drawn is unsupported by the facts as found, or if the wrong inference is drawn. This is based upon a distinction among facts. There is a class of facts to which belong the facts which are found from testimony and the weighing of evidence, and another class of facts, sometimes called "ultimate facts," which are found by inference drawn from this first class of minor or subsidiary facts. The fact, the finding of which is decisive of this whole controversy, belongs to this ultimate fact class.

The finding is therefore a proper subject of appellate review. None of these minor or subsidiary facts are in dispute. The ultimate fact as found by the referee was an inference from these other facts.

The petitioner was the landlord of the bankrupt. The relation is evidenced by a contract or agreement in writing made between them. The petitioner has made a claim to moneys alleged to be due to him by the bankrupt, and a further claim to priority of payment of his indebtedness out of the assets of the bankrupt estate. The claim, both of indebtedness and of priority, grows out of the covenants of this agreement of lease.

There are indeed three things which may be stated here (although two of them are by way of anticipation) with respect to rights growing out of this lease. One is that the bankrupt agreed to lease the premises for five years from February 1, 1909, at a yearly rent of $4,000, payable in monthly installments of $333.33 each, in advance, on the 1st day of each month. Another is that:

If the "lessees became embarrassed, or made an assignment for the benefit of creditors, or have their goods levied upon, * * * then in such case the whole rent for the unexpired portion of the term * * * shall at once become due and payable as if by the terms of this lease it were all payable in advance for such period, any law, usage or custom, to the contrary notwithstanding, and this lease forthwith become ended and determined, and lessees forthwith vacate the premises."

The third is that in the event, among others, that the premises are "deserted or vacated," the landlord may "relet the premises as agent of lessees for any unexpired portion of the term, and receive the rent therefor." In addition to these three features of the contract, a fourth thing arises out of the relation of the parties, which is that the lessee might surrender and the landlord accept of the surrender of the premises, and the ending of the relation between them.

Some time before the filing of the petition in bankruptcy a levy was made upon the personal property of the lessee under a writ of fi. fa. Following this, as the referee finds, there was the tender of the surrender of the premises and its acceptance by the landlord. The landlord presented a claim against the bankrupt estate for the whole of the unexpired term of the original letting. He based this upon the provision in the lease accelerating the falling due of the rent in case of a levy upon the goods of the lessee, and the fact of the issuing of the fi. fa. above mentioned.

The argument is that rent might be made payable in advance, and, when so made payable, may be distrained for, and the existence of this right of distraint gives the basis of claim and of priority of claim recognized by the bankruptcy law. All this may be conceded to the petitioner, but it would, of course, be conceded by him that he could not both accept of a surrender of the lease and enforce the payment of the rent beyond the time of such surrender, or the time fixed in the terms of the surrender.

The answer of the trustee in bankruptcy to the claim is based upon the fact of such a surrender. The mode of presentation of the claim makes it a somewhat startling one, and although, upon analysis, it is less startling than at first, this mode of presentation brings before us

the true nature of the claim. As presented, it is a claim for rent and for damages for certain breaches of the covenants of the lease for its full term of five years, aggregating $24,193.81, against which is allowed a credit for payments made by the lessee.

Under the admission of the parties at the argument, the only question left for us to consider is the right of the landlord to an allowance for the rent of the unexpired term as claimed. A feature of the clause in the lease upon which the landlord bases his claim is provocative of comment. There would seem to be involved in it the triple right of: First, the rent for the full term of the lease; second, that this rent should be payable in advance; and, third, that although the rent had been paid to the end of the term, the landlord should none the less receive back his property, and all rights of the tenant therein should cease and determine. Waiving this feature, and proceeding upon the assumption that the landlord has a right to the benefit of his contract for his claim under the third clause to which reference has been made, none of these or all of them combined affect the consequences of an exercise by the landlord of his right to accept of a surrender of the lease. If he did so accept, the claim of rent goes with the lease. This surrender, as already stated, is a fact to be found. It has been found by the referee, and if he is right in this finding, that ends the whole controversy. He has found it from certain facts which we have characterized as the minor or subsidiary facts.

[3] The petition in bankruptcy was filed June 9, 1914, and a receiver was appointed. Rent at that time had accrued since June 1, 1914, payment of which had been allowed to the landlord. The receiver therefore had a clear right of the occupancy of the property to the end of that month. The receiver attempted to end the lease, and tendered a surrender of the premises. This was effected by the keys being taken by a messenger of the receiver to the petitioner, with whom the keys were left, with a statement by the messenger as to what they were, and the purpose of leaving them. The only verbal answer made by the landlord was to tell the messenger to take the keys to his counsel. The reply made, to this direction or request, by the messenger, was that the orders given were to leave the keys with the landlord. This the messenger thereupon did. The landlord acquiesced in this without further comment, retained the keys, entered upon possession of the property, had it cleaned and prepared for occupancy, and put it in the market for rent.

The referee has drawn the inference, and in this sense found, as already stated, the ultimate fact of acceptance.

The finding is criticized on the ground (more than anything else) that the referee has expressed the view that he would not feel justified in finding an acceptance, if the transaction out of which his finding grows had occurred between the bankrupt and his landlord, but that he does feel justified in making the finding out of the same transaction between the receiver and the landlord. Whether there is any basis for such a distinction in the facts of this case, the distinction which the referee had in mind is clear. A fair finding of the result of such a transaction depends upon all the circumstances, one of which, and an important one of which, is the situation and the character of

those who were parties to it. Silence at times is said to be more eloquent than speech, and there are times when larger inferences may be drawn from it and are justified than at other times. A very crude illustration may be given of such a difference, if, for instance, a dissatisfied tenant were to throw the keys of the leased premises upon the table of the landlord, and after making the statement that there were his keys and he was done with the house, to walk away, no finding would be justified from this that the landlord had accepted a surrender of the premises, or, what is the same thing, had agreed to the surrender by the tenant. When, however, the keys are brought to the landlord by a receiver appointed by the court, the landlord may fairly be presumed to know that the receiver is tendering to him a surrender of the premises, and the call is fairly made to respond to that tender, and the physical act of acceptance of the keys, coupled with silence as to any denial of the natural meaning of that acceptance, and with the further exercise of the right of ownership over the property, all not only lead, but compellingly lead, to the conclusion that the landlord accepts the surrender. When to this is added that the claim of the landlord was subsequently made, an additional objection to the allowance of this claim arises.

[4] We have carefully examined all the cases to which we have been referred, and none of them are inconsistent with the conclusion which the referee has reached. This, from the very nature of things, would be expected because acceptance, as already several times stated, is a fact, and the expressions from the opinions quoted refer to the law of the case. These principles of law are clear and not open to dispute. The principal ones, and indeed those only applicable, are that a surrender of demised premises by the tenant cannot be forced upon the landlord, but must be accepted by him, and that the burden of proof, as ordinarily in all affirmative propositions, is upon the lessee to prove the acceptance. The question of whether the facts of a particular case justify the inference of a surrender, of course, depends upon what they are, and the facts of one case are seldom more than a helpful guide to the inference which should be drawn from the facts of another case.

Auer v. Penn, 99 Pa. 370, 44 Am. Rep. 114, is authority merely for the plain proposition of law above formulated. The ruling in that case was that the release of the tenant from the obligation of rent depended upon the fact of surrender, and did not depend upon certain minor facts not amounting to a surrender.

Breuckmann v. Twibill, 89 Pa. 58, was a case of judgment for want of a sufficient affidavit of defense. The statement of the grounds of the affirmance of this judgment is the best possible vindication of the findings of the referee here. The affidavit of defense in that case was held to be insufficient because the defendant had studiously refrained from averring an acceptance of the surrender by the landlord. He set out certain facts, some of which are among the facts agreed to here. The court stated that these facts were evidence from which a jury might find surrender, but were in their statement no averment of the fact of surrender. Applied to the case before us, the doctrine of that case is that the facts agreed upon here are evidence from which

the referee might find the fact of surrender. This is the equivalent of saying that the referee was justified in finding a surrender from the evidence of these facts. This is decisive of the present case. These comments will cover all the cases.

Frank v. Maguire, 42 Pa. 77, is a case of the same kind, and the ruling planted upon precisely the same ground, to wit, the absence of an averment in the affidavit of defense of the fact of a surrender.

Gardiner v. Bair, 10 Pa. Super. Ct. 74, is to the same effect. The question submitted to the jury was the fact of surrender.

Snyder v. Henry, 32 Pa. Super. Ct. 167, is akin to the other affidavit of defense cases.

Hastings v. Burchfield, 28 Pa. Super. Ct. 309, was ruled upon the proposition that one party to a contract cannot rescind it, and that the offer of a surrender was nothing without an acceptance.

Brown & Son et al. v. Allen, 21 Pa. Dist. R. 224, is to the same effect, except that under its facts the conclusion there was against the landlord and against him because he had demanded the keys and possession and had entered into possession.

The controlling feature of all these cases is emphasized because there was a finding there that the acts of the landlord amounted to an eviction.

We have gone into this analysis of the cases in vindication of the findings of the referee far beyond what is necessary or even called for. We have done this out of deference to the very earnest and fully developed argument made on behalf of the landlord. We understood all claims, other than that to the rent for the unexpired term, to have been abandoned at the argument. The other feature of the report has because of this not been discussed.

The findings of the referee are approved, the petition to review same dismissed, and the report confirmed.